**Lee Allen WADDELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–94–00490–CR.**

Court of Appeals of Texas, Austin.

March 13, 1996.

---

From the District Court of Llano County, 33rd Judicial District No. 4458; Clayton E. Evans, Judge Presiding.

David A. Schulman, Karyl Krug, Schulman & Krug, Austin, for Appellant.

Sam Oatman, District Attorney, Morgan Minton, Assistant District Attorney, Llano, for Appellee.

Before POWERS, JONES and KIDD, JJ.

POWERS, Justice.

Lee Allen Waddell appeals from a trial-court judgment convicting him of burglary of a building. *See* Tex.Penal Code Ann. § 30.02(a)(1) (West 1994).[1] The jury found Waddell guilty. The trial judge, after finding that Waddell had committed a previous

---

**1.** The offense occurred before September 1, 1994, and is governed by the law in effect at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen. Laws 3586, 3633. Because the Code amendments effective September 1, 1994, have no substantive effect on this section, the current Code is cited for convenience.

felony as alleged in the indictment, fixed his punishment at sixty-years' imprisonment. We will reverse the judgment and remand the cause for a new trial.

## THE CONTROVERSY

Waddell was indicted for burglary after a caretaker found him inside a house. The house had been vacant for several years and was left unlocked because of numerous break-ins. The owner testified the house was used primarily for storage and that Waddell did not have permission to be inside. The caretaker testified that when he confronted Waddell about his presence in the house, Waddell moved quickly toward the front door. The caretaker testified further that Waddell talked about "taking the bed" that was in the house because he was staying at his sister's house next door and needed a bed. The evidence was conflicting about whether there was a bed for Waddell in his sister's house. Waddell also told the caretaker that he was looking for his sister's cat. Waddell's sister corroborated his claim, testifying that she sent Waddell to the house to look for her cat. Nothing was taken from the house. None of the fingerprints found in the house matched Waddell's although his palm print was found on a mirror.

## DISCUSSION AND HOLDING

■ In point of error three, Waddell contends that defense counsel's failure to request an instruction on criminal trespass, Texas Penal Code Annotated § 30.05 (West 1994), a lesser included offense of burglary, amounted to ineffective assistance of counsel, such that (1) counsel's representation of Waddell fell below an objective standard of reasonableness (2) resulting in a reasonable probability that the outcome of the trial would have been different but for counsel's deficient performance. *See Vasquez v. State,*

830 S.W.2d 948, 949 (Tex.Crim.App.1992) (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Counsel's failure to request a jury instruction can render his assistance ineffective if, under the particular facts of the case, the trial judge would have erred in refusing the instruction had counsel requested it. *See Vasquez,* 830 S.W.2d at 951. The defendant, however, bears the burden of overcoming the presumption that counsel's decision not to request the instruction could be considered sound trial strategy. *See Jackson v. State,* 877 S.W.2d 768, 771–72 (Tex.Crim.App.1994) (citing *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065).

■ The offense of criminal trespass is a lesser included offense in each of the three kinds of burglary. *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985); *Day v. State,* 532 S.W.2d 302, 306 (Tex.Crim.App. 1975). The offenses of burglary of a building and criminal trespass have similar elements except that burglary has the additional element of an intent to commit a felony or theft. Criminal trespass has no such element but has instead an element of notice.[2] *See Williams v. State,* 796 S.W.2d 793, 799 (Tex. App.—San Antonio 1990, no writ).

■ To determine whether an instruction regarding the lesser included offense of criminal trespass is *required* in a trial for burglary of a building, the two requirements originally laid down in *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981), must be met. *McKinney v. State,* 627 S.W.2d 731, 732 (Tex.Crim.App.1982); *see also Day,* 532 S.W.2d at 306. The two requirements are as follows:

First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record *that would permit a jury rationally to*

---

**2.** The offense of burglary relevant in the present case is defined as follows:

    (a) A person commits an offense if, without the effective consent of the owner, he:

        (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft;

Tex.Penal Code Ann. § 30.02(a)(1) (West 1994). The offense of criminal trespass is defined as follows:

    (a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

        (1) had notice that the entry was forbidden; or

        (2) received notice to depart but failed to do so.

Tex.Penal Code Ann. § 30.05(a) (West 1994).

*find* that if the defendant is guilty, he is guilty of only the lesser offense.

*Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993) (adding emphasized portion to *Royster* test).

On review of the record in the present case, we find the evidence was sufficient, under *Royster*, to require the trial judge to give an instruction on the lesser offense of criminal trespass had one been requested. The testimony of the owner established that Waddell entered the house without her permission; thus, the want-of-consent elements of both burglary and criminal trespass are supported by the evidence.

■■■■ The evidence also supports a conclusion that the house was not open to the public. Although the "notice" requirement of criminal trespass is not automatically established by proof of the facts necessary to prove burglary, where, as here, the evidence shows the "accused entered a building *not then open to the public,* the 'notice' requirement would be satisfied by proof of entry into the building." *Day,* 532 S.W.2d at 306 (emphasis added). The building in issue was an uninhabited house that the owner used to store furniture and other personal belongings. There was testimony that the doors of the house were not only unlocked but also "open" at times. Nevertheless, the condition of the house when Waddell entered it was not such as to lead one reasonably to believe that it was open to the public or that one need not have permission to enter.[3] In addition, the evidence does not suggest that the house was a "public place," defined by the Penal Code as "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals. . . ." Tex.Penal Code Ann. § 1.07(a)(40) (West 1994).

Waddell's statement to the caretaker that he entered the house to look for a cat, corroborated by the testimony of his sister at trial, raised evidence of a lack of a specific intent on his part to commit a felony or theft, an element of burglary. There is, therefore, evidence in the record that would permit a jury to conclude that, if guilty, Waddell is guilty only of the lesser included offense of criminal trespass. Thus, it would have been error, under *Royster*, for the trial judge to refuse an instruction on criminal trespass.

The evidence in support of a conviction for criminal trespass when coupled with the post-trial testimony of defense counsel is sufficient to overcome the presumption that counsel's failure to request the instruction was based on sound trial strategy. *Cf. Jackson,* 877 S.W.2d at 771. During the hearing on Waddell's motion for new trial, defense counsel testified that he concluded, based on the facts, that Waddell did not have authority to enter the house. He further testified, however, that an instruction on criminal trespass was not proper because Waddell did not have notice that entry to the house was forbidden *and* did not fail to depart after receiving notice to do so. Counsel's testimony suggests that he wrongly believed that both illegal entry and failure to depart are necessary to support a conviction for criminal trespass. *See* Tex.Penal Code Ann. § 30.02(a)(1) (West 1994). In addition, counsel testified that he was not familiar with the holding in *Day,* discussed above, that proof of the "notice" element of criminal trespass can be established by the facts necessary to prove burglary of building "not then open to the public." *See Day,* 532 S.W.2d at 306.

Under these circumstances, when Waddell's defense counsel failed to request an instruction on the lesser offense of criminal trespass, counsel's performance fell below an objective standard of reasonableness. *See Vasquez,* 830 S.W.2d at 951. Furthermore, we believe in light of the evidence that the

---

3. A building is within the definition of burglary when it is an enclosed structure with doors capable of being closed, designed for the security of its contents. *See* 20 Tex.Jur.3d *Criminal Law* § 882 (1982); *cf. Day v. State,* 534 S.W.2d 681, 684–85 (Tex.Crim.App.1976).

Evidence of the *character* or attributes of a structure is helpful in determining whether the actor's belief that the structure was "open to the public" was reasonable. The "notice" requirement in the criminal trespass statute was intended by the Legislature to prevent attaching criminal liability to an "innocent trespass." *Day v. State,* 532 S.W.2d 302, 306 (Tex.Crim.App.1975). The protection of "innocent trespass" suggests that the reasonableness of an actor's belief is likewise relevant to whether there was "notice" in a case of criminal trespass.

outcome of the trial might have been different had the criminal trespass instruction been requested and given. Without the instruction, the jury was not given the opportunity to evaluate the evidence as it relates to the lesser offense. This alone undermines our confidence in the conviction.[4]  *See id.*

Accordingly, we reverse the judgment of the trial court and remand the cause for a new trial. We therefore need not address Waddell's remaining points of error.

4.  Counsel's failure to request the instruction was particularly egregious because burglary is a felony, the punishment for which can be enhanced by the commission of a previous felony. *See* Tex.Penal Code Ann. § 12.42 (West 1994). Waddell's sentence for burglary was enhanced, by a previous felony, to sixty-years imprisonment. Enhanced punishment, however, is not available when the defendant is convicted of a misdemeanor offense, such as criminal trespass. *See* Tex.Penal Code Ann. § 30.05(d) (West 1994).