TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00177-CR







Derell Anderson, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0964638, HONORABLE BOB PERKINS, JUDGE PRESIDING







A jury found appellant Derell Anderson guilty of burglary of a habitation and assessed
punishment, enhanced by two previous felony convictions, at imprisonment for fifty-five years. See Tex.
Penal Code Ann. § 30.02 (West 1994 & Supp. 1998). In thirteen related points of error, appellant
contends he did not receive effective assistance of counsel at trial. We will overrule this contention and
affirm.

On August 27, 1996, a person entered Bill Buckholtz's garage without his consent and
stole a golf bag and clubs and a grass trimmer. A neighbor, Janie Balderas, witnessed the burglary and
identified appellant at trial as the man who took Buckholtz's property. Appellant sold four of the stolen golf
clubs at a pawn shop the next day. Appellant's defensive strategy was to challenge Balderas's
identification of him as the burglar.


Appellant contends his trial counsel was ineffective because he:



 elicited the fact that Balderas identified appellant in a pretrial photo spread during cross-examination of the witness;

 failed to object when a police officer referred to an unrelated theft involving appellant's car;

 failed to request an instruction on the lesser included offense of theft;

 told the jury during his argument that appellant had admitted to him that appellant pawned the stolen
golf clubs; and

 failed to object to allegedly improper jury argument by the State.




Appellant argues that these errors and omissions, individually and collectively, constituted ineffective
assistance of counsel under the constitutions of both the United States and Texas. U.S. Const. Amend.
VI; Tex. Const. art. I, § 10.

Under both constitutions, we measure claims of ineffective assistance of counsel at the guilt
stage against the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted
in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The Strickland standard requires
the defendant to show both that his counsel made serious errors and that those errors caused serious harm: 


First, the defendant must show that counsel's performance was deficient. This requires
showing that counsel made errors so serious that counsel was not functioning as the
"counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must
show that the deficient performance prejudiced the defense. This requires showing that
counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose
result is reliable.


Strickland, 466 U.S. at 687. 

In determining whether an appellant has satisfied the first element of the test, we decide
whether the record establishes that counsel failed to provide reasonably effective assistance. See
Strickland, 466 U.S. at 687-88; Hernandez, 926 S.W.2d at 55; Wilkerson v. State, 726 S.W.2d 542,
548 (Tex. Crim. App. 1986). The appellant must demonstrate that counsel's performance was
unreasonable under the prevailing professional norms and that the challenged action was not sound trial
strategy. Strickland, 466 U.S. at 688; Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). 
We do not evaluate the effectiveness of counsel in hindsight, but from counsel's perspective at trial. 
Strickland, 466 U.S. at 689; Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993);
Stafford, 813 S.W.2d at 506. We assess the totality of the representation, rather than isolated acts or
omissions. E.g., Wilkerson, 726 S.W.2d at 548. The court of criminal appeals has explained that we
presume defense counsel provided reasonable professional assistance and the defendant must present proof
to overcome this presumption:


Under the Strickland test, the defendant bears the burden of proving ineffective assistance. 
In addition, when reviewing a claim of ineffective assistance, "a court must indulge a strong
presumption that counsel's conduct falls within the wide range of reasonable professional
assistance; that is, the defendant must overcome the presumption that, under the
circumstances, the challenged action 'might be considered sound trial strategy.'"


Jackson, 877 S.W.2d at 771 (quoting Strickland, 466 U.S. at 689); Hernandez, 726 S.W.2d at 55;
O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). The standard of proof
for ineffectiveness of counsel is a preponderance of the evidence. E.g., Moore v. State, 694 S.W.2d 528,
531 (Tex. Crim. App. 1985). This burden is not a light one: 


In determining whether counsel's trial performance was deficient, judicial scrutiny
must be highly deferential. A reviewing court must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance.



Oestrick v. State, 939 S.W.2d 232, 237 (Tex. App.--Austin 1997, pet. ref'd); Bohnet v. State, 938
S.W.2d 532, 536 (Tex. App.--Austin 1997, pet. ref'd) (citing Strickland, 466 U.S. at 689); see also
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 

Generally, we will not speculate about counsel's trial strategy. See Jackson, 877 S.W.2d
at 771; Delrio v. State, 840 S.W.2d 443 (Tex. Crim. App. 1992). An appellant, however, may rebut the
presumption of effectiveness by providing a record from which we may determine that trial counsel's
performance was not based on sound strategy. See Jackson, 877 S.W.2d at 771-72; Bohnet, 938
S.W.2d 532 at 536.

In this case, we have no record from which we may discern trial counsel's strategy. 
Appellant did not raise ineffectiveness of counsel in his motion for new trial and request a hearing at which
he could have developed such a record. See Reyes v. State, 849 S.W.2d 812 (Tex. Crim. App. 1993)
(defendant may raise ineffective assistance of counsel claim and develop record in proceeding on motion
for new trial). Nothing in the trial record reveals counsel's trial strategy with regard to the acts and
omissions that appellant alleges show the ineffectiveness of counsel's representation. In the absence of such
a record, appellant cannot in this direct appeal overcome the strong presumption that his trial counsel's
strategy was reasonable from counsel's perspective at trial. The record before us is insufficient to support
such a conclusion. See Jackson, 877 S.W.2d at 771-72; Bohnet, 938 S.W.2d at 536; Oestrick, 939
S.W.2d at 237-38.

Because of the stress placed on it both in appellant's brief and at oral argument, we will
specifically address appellant's contention that counsel was ineffective because he told the jury during
argument that appellant admitted to him that he pawned the stolen golf clubs. Appellant argues that this
statement to the jury was a "blatant and appalling error" that "went a long way toward extinguishing
reasonable doubts the jury could have held about [his] guilt." He adds, "The only conceivable way this
could have been a matter of trial strategy would be if a lesser included offense of theft had been requested
and given. Since no such request had been made and the jury was not allowed to consider a theft
conviction, these statements only served to harm Appellant and help secure his conviction."

Because appellant's name and driver's license number was on the pawn ticket, counsel
could reasonably conclude that it was useless to contest appellant's identity as the person who pawned the
stolen property, and that it was sounder trial strategy to challenge Balderas's identification of appellant as
the man she saw taking the property from Buckholtz's garage. Counsel's admission that appellant was the
man who pawned the golf clubs was entirely consistent with this strategy and may have been calculated to
impress the jury that appellant had nothing to hide. Counsel's failure to request an instruction on the lesser
included offense of theft was not inconsistent with this assumed strategy, as counsel may have believed that
appellant's chance for acquittal would have been undermined if the jury were given the option of convicting
him of theft. (1)

Some of the allegedly improper jury arguments by the prosecutor to which appellant's
counsel did not object were made at the punishment stage of trial. Although appellant does not draw this
distinction in his brief, the Strickland standard does not apply at the punishment stage of a noncapital trial. 
Instead, the question presented is whether the defendant received reasonably effective assistance of
counsel. Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997). We have reviewed the
arguments and find that they were not so obviously erroneous or inflammatory as to warrant the conclusion
that counsel was ineffective for failing to object.

Appellant has not shown that the acts and omissions of counsel of which he complains,
whether considered individually or collectively, were outside the wide range of reasonable professional
assistance at the guilt stage or denied appellant reasonably effective assistance of counsel at the punishment
stage. Points of error one through twelve are overruled. Because we hold that appellant has not satisfied
the first prong of Strickland, we do not address his thirteenth point, by which he urges that the second
prong of Strickland should be replaced by the test for reversible error found in Texas Rule of Appellate
Procedure 44.2(a).


The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: May 29, 1998

Do Not Publish
1. Our conclusion that counsel was not necessarily ineffective for failing to request the lesser included
offense instruction is not inconsistent with our holding in Waddell v. State, 918 S.W.2d 91, 94 (Tex.
App.--Austin 1996, no pet.). In that case, it was shown at the hearing on the defendant's motion for new
trial that counsel failed to request the lesser included offense instruction because he had the mistaken belief
that the defendant was not entitled to it.



e acts and
omissions that appellant alleges show the ineffectiveness of counsel's representation. In the absence of such
a record, appellant cannot in this direct appeal overcome the strong presumption that his trial counsel's
strategy was reasonable from counsel's perspective at trial. The record before us is insufficient to support
such a conclusion. See Jackson, 877 S.W.2d at 771-72; Bohnet, 938 S.W.2d at 536; Oestrick, 939
S.W.2d at 237-38.

Because of the stress placed on it both in appellant's brief and at oral argument, we will
specifically address appellant's contention that counsel was ineffective because he told the jury during
argument that appellant admitted to him that he pawned the stolen golf clubs. Appellant argues that this
statement to the jury was a "blatant and appalling error" that "went a long way toward extinguishing
reasonable doubts the jury could have held about [his] guilt." He adds, "The only conceivable way this
could have been a matter of trial strategy would be if a lesser included offense of theft had been requested
and given. Since no such request had been made and the jury was not allowed to consider a theft
conviction, these statements only served to harm Appellant and help secure his conviction."

Because appellant's name and driver's license number was on the pawn ticket, counsel
could reasonably conclude that it was useless to contest appellant's identity as the person who pawned the
stolen property, and that it was sounder trial strategy to challenge Balderas's identification of appellant as
the man she saw taking the property from Buckholtz's garage. Counsel's admission that appellant was the
man who pawned the golf clubs was entirely consistent with this strategy and may have been calculated to
impress the jury that appellant had noth