NUMBER 13-98-633-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


________________________________________________________________________


DAVID ANTHONY SENDEJO, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

________________________________________________________________________


On appeal from the 105th District Court


of Nueces County, Texas.


________________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Chief Justice Seerden




 David Anthony Sendejo, appellant, was convicted of burglary of a
habitation with intent to commit indecency with a child. See Tex. Pen.
Code Ann. § 30.02(a), (d) (Vernon 1998). A jury found him guilty, found
him to be a repeat felony offender, and assessed punishment at forty-five years imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. By two issues, appellant challenges
the legal and factual sufficiency of the evidence to support his
conviction and contends that he was not afforded effective assistance
of counsel. We affirm.

 On September 12, 1998, M.T. and a friend, A.M., were sleeping
in the home of M.T.'s mother. While M.T.'s mother was away, A.M.
was awakened by an unknown man standing over her, rubbing her leg
near her genital area. A.M. woke up M.T. and the two retreated to a
bedroom. While the two were in the bedroom, the intruder apparently
left the residence. M.T. stated that she had seen the intruder and
identified Sendejo as the intruder. She testified that she had seen
appellant on several prior occasions. M.T.'s mother testified that she
had not given appellant permission to enter the home and both girls
denied inviting Sendejo into the home. Based on this evidence, the jury
convicted appellant of burglary of a habitation with intent to commit
indecency with a child. 

 By his first issue, appellant contends that the evidence was legally
and factually insufficient to support the conviction because the State
failed to prove beyond a reasonable doubt that the burglary offense was
committed with the specific intent to commit indecency with a child. 

 We begin a factual sufficiency review with the assumption that the
evidence is legally sufficient. See Clewis v. State, 922 S.W.2d 126, 134
(Tex. Crim. App. 1996) (citing Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We then look to all of the
evidence in the record to determine if the verdict is "against the great
weight and preponderance of the evidence presented at trial so as to be
clearly wrong and unjust." Clewis, 922 S.W.2d at 135.

 The requisite specific intent to arouse or gratify the sexual desire
of a person can be inferred from conduct, remarks or all the surrounding
circumstances. McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim.
App.1981). An oral expression of intent is not required. C.F. v. State,
897 S.W.2d 464, 472 (Tex. App.--El Paso 1995, no pet.). The conduct
alone is sufficient to infer intent. Id. Here, the uncontroverted
testimony adduced at trial shows that appellant entered the home and
touched A.M. on her leg near her genital area. Based upon this
testimony, the jury could have inferred that Sendejo's intent in entering
the home was to commit indecency with a child. Appellant's first issue
is overruled. 

 By his second issue, appellant argues that he was not afforded
effective assistance of counsel at the guilt/innocence stage of the trial
because counsel failed to request a jury instruction on the lesser
included offense of criminal trespass. 

 We measure claims of ineffective assistance under the familiar
standard enunciated in Strickland v. Washington. See Hernandez v.
State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (citing Strickland v.
Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984)). This standard requires the appellant to show both that his
counsel made serious errors and that those errors caused serious harm
which undermines confidence in the result of the trial. Strickland, 466
U.S. at 687. We examine the totality of the representation in making
this determination. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). The appellant bears the burden of proof and this court
applies a strong presumption that counsel's actions fell within the wide
range of reasonable professional assistance. Id.

 The record reflects that, with regard to charging the jury on the
lesser-included offense of criminal trespass, the following colloquy took
place:

 The Court: Now, there is enough evidence that the
entry was without consent. If the State fails
to prove to the jury that he entered with the
intent to commit indecency, there is criminal
trespass. You don't want that lesser
charge, Mr. Kutnick [Assistant District
Attorney]? 


 Kutnick: No.


 The Court: Mr. Alvarez [Defendant's Counsel]?


 Alvarez: No, Your Honor. The reason, my reasoning is,
Your Honor, I think with the criminal trespass
there has to be some type of Defendant (sic) on
notice that he is not welcome there or asked to
leave, and there has been no testimony to that
effect.


 The Court: Well, an enclosure is sufficient notice to a
person that he should not enter, and the
only definition of notice that I included is
that notice means an enclosure obviously
designed to exclude intruders. A house by
itself is an enclosure.


 Alvarez: Yes, sir.


 The Court: And if it has a front door, it's obviously
designed to exclude intruders.


 Kutnick: Trying to make your job -- if there is a joint
agreement, let's go with it.


 Alvarez: Yes, we would request that it not be included.


 The Court: You don't want it in there?


 Alvarez: No, sir. We'll roll the dice.


Thereafter, the court explained the legal significance of the issue to
appellant, including the consequences of failing to include the
instruction on the lesser-included offense, and asked if he understood. 
Appellant responded affirmatively. The court then asked if appellant
agreed with counsel's decision not to include the instruction. Appellant
again responded affirmatively.

 Counsel's failure to request a jury instruction can render his
assistance ineffective if, under the particular facts of the case, the trial
judge would have erred in refusing the instruction had counsel
requested it. See Vasquez v. State, 830 S.W.2d 948, 951 (Tex. Crim.
App. 1992). The defendant, however, bears the burden of overcoming
the presumption that counsel's decision not to request the instruction
could be considered sound trial strategy. See Jackson v. State, 877
S.W.2d 768, 771-72 (Tex. Crim. App.1994) (citing Strickland, 466 U.S.
at 689).

 It is apparent from the record that the evidence supported the
submission of an instruction on the lesser-included offense of criminal
trespass. 

 Appellant contends, accordingly, that counsel's decision not to
request the instruction did not fall within the range of sound trial
strategy. He argues that the record shows that counsel was unaware
of the fact that instructing on the lesser-included offense was proper. 
See Waddell v. State, 918 S.W.2d 91, 93 (Tex. App.--Austin 1996, no
pet.). He cites specifically to Waddell to support this contention.

 In Waddell, the defendant was charged with burglary. After the
trial had concluded, counsel failed to request an instruction on criminal
trespass. The defendant was then convicted of burglary. Waddell
brought a motion for new trial. At the hearing on that motion, counsel
testified that he concluded, based on the facts, that Waddell did not
have authority to enter the house. He further testified, however, that an
instruction on criminal trespass was not proper because Waddell did
not have notice that entry to the house was forbidden and did not fail
to depart after receiving notice to do so. The court of appeals concluded
that this testimony suggested that counsel misunderstood the elements
of criminal trespass. The court also noted that counsel testified that he
was unfamiliar with a holding from the court of criminal appeals that
proof of the "notice" element of criminal trespass can be established by
the facts necessary to prove burglary of building "not then open to the
public." See Day v. State, 532 S.W.2d 302, 306 (Tex. Crim. App. 1975). 
Based upon these facts, the court of appeals concluded that there was
no evidence in the record to suggest that counsel's decision was rooted
in trial strategy and held that Waddell had not been afforded effective
assistance of counsel. Waddell, 918 S.W.2d at 93. 

 Here, the record clearly shows that to the extent that counsel was
unaware either of the elements of criminal trespass or the proof
required to establish those elements, that shortcoming was remedied
during the charge conference. The trial court correctly informed counsel
that the lesser-included offense was available after counsel initially
evidenced some misunderstanding regarding the law. Nevertheless,
counsel decided to, in his words, "roll the dice." 

 The record furthermore reflects that appellant repeatedly agreed
with this strategy. 

 This decision is also consistent with the defense appellant used
at trial. Throughout both his cross and direct examinations, appellant
repeatedly sought to, and in some cases did, elicit statements which
suggested that he had been given permission to enter the home. 
Several witnesses testified that they had seen appellant in the home on
previous occasions. There was some testimony which suggested that
M.T.'s mother had asked appellant to go to the home and wait for her
to return. This was augmented by testimony that appellant and M.T.'s
mother had previously had a personal relationship. In light of this
defense, it would not be unreasonable for counsel to choose an all-or-nothing strategy in submitting the charge. 

 Because we find that counsel was sufficiently aware of the
applicable law to make a tactical determination regarding the merits of
his defense, and therefore, submitting the lesser-included offense to the
jury, we cannot say that his decision to forego the instruction was
anything other than sound trial strategy. See id. Appellant's second
issue is overruled.


 The judgment of the trial court is AFFIRMED.

 



 

 ROBERT J. SEERDEN, Chief Justice



Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 27th day of July, 2000.