IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00044-CR

 

DAVID JONES, JR.,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-964-C

 



MEMORANDUM  Opinion

ON PETITION FOR DISCRETIONARY REVIEW



 

As authorized by Rule 50 of the Rules of
Appellate Procedure, we issue this modified opinion within 30 days after Appellant
filed a Petition for Discretionary Review.  Tex.
R. App. P. 50.

Introduction

          Appellant David Jones, Jr.
directly appeals his felony conviction for attempted burglary of a habitation
(habitually enhanced).  Punishment was assessed by the jury at 70 years in the
Texas Department of Corrections.

          In three issues, Jones alleges that
his trial attorney rendered ineffective assistance of counsel by (1) failing to
request a jury instruction on the lesser included offense of attempted criminal
trespass, (2) failing to object to an instruction in the jury charge that
allegedly instructed the jury that Appellant was charged with burglary, rather
than attempted burglary, and (3) failing to object to the trial court’s
response to a jury note.[1]

Strickland v. Washington

          The legal standard set out in Strickland
v. Washington applies to Jones’s claim of ineffective assistance of
counsel.  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984); Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002).
 To prevail on his claims, Jones must
first show that his counsel’s performance was deficient.  Strickland,
466 U.S. at 687, 104 S.Ct. at 2064; see Mitchell v. State, 68 S.W.3d
640, 642 (Tex. Crim. App. 2002).  Specifically, Jones must prove, by a
preponderance of the evidence, that his counsel’s representation fell below the
objective standard of professional norms.  Mitchell, 68 S.W.3d at 642.

Second, Jones must show that this deficient
performance prejudiced his defense.  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064 (“This [prejudice prong] requires showing that counsel’s
errors were so serious as to deprive the defendant of a fair trial, a trial
whose result is reliable.  Unless a defendant makes both showings, it cannot be
said that the conviction or death sentence resulted from a breakdown in the
adversary process that renders the result unreliable.”).  As explained in Mitchell,
“[t]his means that the appellant must show a reasonable probability that, but
for his counsel’s unprofessional errors, the result of the proceeding would
have been different.”  Mitchell, 68 S.W.3d at 642.  A “reasonable
probability” is one sufficient to undermine confidence in the outcome.  Strickland,
466 U.S. at 687, 104 S.Ct. at 2064; Mitchell, 68 S.W.3d at 642.

          Appellate review of defense counsel’s
representation is highly deferential and presumes that counsel’s actions fell
within the wide range of reasonable and professional assistance.  Mallett v.
State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000).  Under normal circumstances, the record
on direct appeal will not be sufficient to show that counsel’s representation
was so deficient and so lacking in tactical or strategic decisionmaking as to
overcome the presumption that counsel’s conduct was reasonable
and professional.  See Goodspeed v. State, --- S.W.3d ---, ---, 2005 WL
766996 at *2 (Tex. Crim. App. April 6, 2005); Mitchell, 68 S.W.3d at
642.

          Rarely will the trial record contain
sufficient information to permit a reviewing court to fairly evaluate the
merits of such a serious allegation:  “[i]n the majority of cases, the record
on direct appeal is simply undeveloped and cannot adequately reflect the
failings of trial counsel.”  Thompson v. State, 9 S.W.3d 808, 813-14
(Tex. Crim. App. 1999) (to defeat the presumption of reasonable professional
assistance, “any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness”); see also Johnson v. State, 68 S.W.3d 644, 655 (Tex.
Crim. App. 2002) (“[t]he record does not reveal defense counsel’s reasons for
not objecting to the prosecutor’s comments.  Given the presumption of
effectiveness and the great deference we give to decisions made by defense
counsel, we see nothing in the present record that would compel us to find
counsel ineffective.”); Mitchell, 68 S.W.3d at 642 (“[g]enerally the
record on direct appeal will not be sufficient to show that counsel’s
representation was so deficient as to meet the first part of the Strickland
standard.  The reasonableness of counsel’s choices often involves facts that do
not appear in the appellate record.  A petition for writ of habeas corpus
usually is the appropriate vehicle to investigate ineffective-assistance
claims.”).

          In the absence of evidence of trial
counsel’s reason for the challenged conduct, we assume a strategic reason for trial
counsel’s conduct, if one can be imagined.  Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001) (“an appellate court ‘commonly will assume a
strategic motivation if any can possibly be imagined,’ and will not conclude
the challenged conduct constituted deficient performance unless the conduct was
so outrageous that no competent attorney would have engaged in it.”) (quoting 3
W. Lafave, et al., Criminal Procedure
§ 11.10(c) (2d ed. 1999) and citing Thompson, 9 S.W.3d at 814).  But, if
nothing in the record reveals trial counsel’s reason, it is improper for us to
speculate on it.  See Thompson, 9 S.W.3d at 814; Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  “A reviewing court can
frequently speculate on both sides of an issue, but ineffective assistance
claims are not built on retrospective speculation; rather, they must ‘be firmly
founded in the record.’”  Avila v. State, 2003 WL 21513440 at *10 (Tex. Crim. App. July 1, 2003) (not designated for publication) (quoting Bone, 77
S.W.3d at 833). 




Analysis

          Jones did not move for a new trial or
request a post-verdict hearing on trial counsel’s strategies.  Thus, we do not
have in the record before us Jones’s trial attorney’s reasons for the conduct
at issue.  Nevertheless, we will analyze Jones’s claims to the extent possible.

Failure to request lesser included offense
instruction

          Jones, who was convicted of attempted
burglary of a habitation, asserts that his trial attorney was ineffective
because he failed to request a jury instruction on the lesser included offense
of attempted criminal trespass.  Failure to request a jury instruction on a
lesser included offense can render assistance of counsel ineffective if, under
the particular facts of the case, the trial judge would have erred in refusing
the instruction had counsel requested it.  Vasquez v. State, 830 S.W.2d
948, 951 (Tex. Crim. App. 1992).  But the defendant bears the burden of
overcoming the presumption that counsel’s decision not to request the instruction
could be considered sound trial strategy.  See Jackson, 877 S.W.2d at
771-72.  

Attempted criminal trespass can be a lesser
included offense of attempted burglary.  Aguilar v. State, 682 S.W.2d
556 (Tex. Crim. App. 1985); Waddell v. State, 918 S.W.2d 91, 93 (Tex.
App.—Austin 1996, no pet.).  There was some evidence in the record that Jones’s
intent was not to enter the premises to commit a theft or a felony:  Jeremy
Cooper, a witness, testified that he heard Jones say, after police had arrived,
that he was trying to look for a place to sleep.  We thus conclude that the
trial court would have erred in refusing a lesser included offense instruction
for attempted criminal trespass.

The record, however, is devoid of why such an
instruction was not requested.  By comparison, in Waddell, the
defendant’s attorney testified at the hearing on the motion for new trial that
he did not think that an instruction was available under the facts and the
law.  But he was wrong and that error amounted to ineffective assistance.  Waddell,
918 S.W.2d at 94-95.  In contrast, in Sendejo v. State, counsel was not
ineffective where the defendant’s attorney was made aware of the instruction’s
availability by the trial court, but with the defendant’s assent, counsel
instead chose to “roll the dice” with an “all-or-nothing” strategy.  Sendejo
v. State, 26 S.W.3d 676, 678-80 (Tex. App.—Corpus Christi 2000, pet.
ref’d).

Without a record that reveals the reason why a
request for an instruction on the lesser included offense of attempted criminal
trespass was not requested, we cannot speculate whether Jones’s trial counsel
was ineffective as the attorney was in Waddell or employed an
all-or-nothing strategy like the attorney in Sendejo.

Failure to object to instruction that Jones was charged with
burglary, rather than attempted burglary

 

Jones next asserts that his trial attorney was
ineffective because he failed to object to the jury charge’s instruction that
Jones was charged with burglary, rather than attempted burglary.  While there
is less need for a reason for the attorney’s failure to object, in making this
complaint Jones’s brief does not offer any argument that this failure
prejudiced his defense.  Tex. R. App. P.
38.1(h); see Walder v. State, 85 S.W.3d 824 (Tex. App.—Waco 2002,
order).

Failure to object to the trial court’s response
to a jury note

          Lastly, Jones asserts that his trial
attorney was ineffective because he failed to object to the trial court’s
response to a jury note.  The jury requested the testimony of witness Jeremy
Cooper because there was disagreement about whether Cooper saw Jones around
6:00 p.m.  The trial court responded that there was no such testimony.  This
response arguably was incorrect (Cooper’s testimony reveals that he did not see
Jones at 6:00 p.m.—he only saw him around 11:30 p.m.) and a comment on the
evidence, but in this instance Jones’s trial attorney may have strategically
decided not to object because hearing Cooper’s testimony again would have
reminded the jury that Cooper saw Jones at the scene of the offense near the
time of the offense.  Regardless, Jones’s brief fails to provide an argument
that this failure to object prejudiced his defense.  See id.

Conclusion

In this appeal, we have not decided that Jones
did or did not receive effective assistance of counsel at trial.  See
Thompson, 9 S.W.3d at 814 (“We are not deciding on this direct appeal,
therefore, that appellant did or did not receive the effective assistance of
counsel during trial.”).  Instead, without a record revealing trial counsel’s
strategy or motivation, Jones has not defeated the strong presumption that his
trial counsel’s actions fell within the wide range of reasonable and
professional assistance.  See id.  Thus, we overrule Jones’s three issues
without prejudice.  See Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex.
Crim. App. 2000) (“the proper procedure will be for the appellate court to
overrule an appellant’s Sixth Amendment claim without prejudice to appellant’s
ability to dispute counsel’s effectiveness collaterally.”).

The trial court’s judgment and sentence are
affirmed.  Our opinion and judgment
dated March 23, 2005, are withdrawn, and this opinion is substituted as the
opinion of the court.    
Tex. R. App. P. 50.  Jones’s Petition
for Discretionary Review is dismissed by operation of law.  Id.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray concurs)

Affirmed

Opinion
delivered and filed July 20, 2005

Publish

[CRPM]









    [1]       Jones, citing Bone v. State,
acknowledges the presumption that trial counsel employed sound strategy cannot
normally be overcome on direct appeal because the record will not contain
evidence of the trial attorney’s reasons for his conduct.  See Bone
v. State, 77 S.W.3d 828 (Tex. Crim. App. 2002).  He states that he
nonetheless seeks to comply with this Court’s directive that all appellate
arguments be made that might “conceivably” persuade the Court.  See Taulung
v. State, 979 S.W.2d 854, 856 (Tex. App.—Waco 1998, no pet.).