IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00076-CR

 

Gary Trollinger,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-939-C

 



MEMORANDUM  Opinion










 

      Trollinger appeals his
conviction for aggravated assault by threat on a public servant.  See Tex. Penal Code Ann.
§ 22.01(a)(2), § 22.02(a)(2), (b)(2)(B) (Vernon Supp. 2006).  We
affirm.

      In two issues, Trollinger
contends that the evidence was insufficient, “where the victim was not aware of
the threat before the act which was alleged to constitute the threat was
committed.”  (Br. at 4, 7; see id. at vi.)  Trollinger argues that “the
evidence in this case is not sufficient to establish an intent to ‘cause in the
victim a reasonable apprehension of bodily injury.’”  (Id. at 6 (quoting
Edwards v. State, 57 S.W.3d 677[, 680] (Tex. App.—Beaumont 2001[, pet.
ref’d])[, criticized in Olivas v. State, 203 S.W.3d 341, 347-48 (Tex.
Crim. App. 2006)]).)

      The assault-by-threat “statute
requires the State to prove that the defendant ‘threaten[ed] another
. . . ,’ but there is no statutory requirement that a victim
must instantaneously perceive or receive that threat . . . as the
actor is performing it.”  Olivas, 203 S.W.3d at 350 (quoting Tex. Penal Code Ann. § 
22.01(a)(2)) (bracketed alteration in Olivas).  

      Legal Sufficiency.  In
Trollinger’s first issue, he contends that the evidence was legally
insufficient.  “The inquiry on review of the legal sufficiency of the evidence
to support a criminal conviction is whether, after viewing the evidence in a
light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.”  Powell
v. State, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006); accord Evans
v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); see Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).  “A ‘legal sufficiency of the
evidence review does not involve any weighing of favorable and non-favorable
evidence.’”  Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App.
2000) (quoting Cardenas v. State, 30 S.W.3d 384[, 389] (Tex. Crim. App.
2000)).  “[C]ourts reviewing all the evidence in a light favorable to the
verdict must assume jurors made all inferences in favor of their verdict if
reasonable minds could, and disregard all other inferences in their legal
sufficiency review.”  Evans at 165 n.27 (quoting City of Keller v.
Wilson, 168 S.W.3d 802, 821 (Tex. 2005)); accord Watson v. State, 204
S.W.3d 404, 415 (Tex. Crim. App. 2006).  “When the court is faced with a record
of historical facts that supports conflicting inferences, it must presume—even
if it does not affirmatively appear in the record—that the trier of fact
resolved any such conflicts in favor of the prosecution.”  Evans at 164
n.19 (quoting Jackson at 326); accord Fuentes v. State,
991 S.W.2d 267, 271 (Tex. Crim. App. 1999); Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).  

      Trollinger points to evidence
that police officers could not see the door from which he shot an arrow toward
them, but only heard him open the door before the arrow struck near them. 
Trollinger concedes that he verbally threatened to “shoot” the officers.  (Br. at 6.)  The State points to evidence that Trollinger threw a gun clip and knives at the
officers; that he said that he had a gun, and verbally threatened to shoot and
kill the officers and to blow them up; that the arrow landed two to three
inches from an officer; and that the officers thus felt endangered and
threatened.  

      Viewing the evidence in the
light most favorable to the verdict, we hold that a rational jury could have
found beyond a reasonable doubt that Trollinger threatened the officer.  We
overrule Trollinger’s first issue.

      Factual Sufficiency.  In
Trollinger’s second issue, he contends that the evidence was factually
insufficient.  “There is only one question to be answered in a factual
sufficiency review: Considering all of the evidence in a neutral light, was a
jury rationally justified in finding guilt beyond a reasonable doubt?”  Watson,
204 S.W.3d at 415 (quoting Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004), overruled in part on other grounds, Watson at
405); accord Prible v. State, 175 S.W.3d 724, 730-31 (Tex. Crim. App.), cert.
denied, 126 S. Ct. 481 (2005).  “We set aside the verdict only if the
evidence is so weak that the verdict is clearly wrong and manifestly unjust, or
the contrary evidence is so strong that the standard of proof beyond a
reasonable doubt could not have been met.”  Prible at 731; accord
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see Zuliani v.
State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); see also Watson at
414-15.  “A clearly wrong and unjust verdict occurs where the jury’s finding is
‘manifestly unjust,’ ‘shocks the conscience,’ or ‘clearly demonstrates bias.’” 
Prible at 731 (quoting Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997)).   

      Trollinger points to evidence
of his verbal threats to use a gun and explosives, and evidence that he did not
immediately retaliate against the officers after they attempted to use a Taser
weapon against him; and argues that the officers had no reason to believe that
Trollinger was armed with a bow and arrow until he shot the arrow.  The State
does not separately argue factual sufficiency.

      Considering all of the
evidence in a neutral light, we hold that the jury was rationally justified in
finding beyond a reasonable doubt that Trollinger threatened the officer.  We
overrule Trollinger’s second issue.

      Having
overruled Trollinger’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Affirmed

Opinion delivered and filed April 18, 2007

Do not publish

[CRPM]






xt-align:justify;line-height:200%'>          Jones, who was convicted of attempted
burglary of a habitation, asserts that his trial attorney was ineffective
because he failed to request a jury instruction on the lesser included offense
of attempted criminal trespass.  Failure to request a jury instruction on a
lesser included offense can render assistance of counsel ineffective if, under
the particular facts of the case, the trial judge would have erred in refusing
the instruction had counsel requested it.  Vasquez v. State, 830 S.W.2d
948, 951 (Tex. Crim. App. 1992).  But the defendant bears the burden of
overcoming the presumption that counsel’s decision not to request the instruction
could be considered sound trial strategy.  See Jackson, 877 S.W.2d at
771-72.  

Attempted criminal trespass can be a lesser
included offense of attempted burglary.  Aguilar v. State, 682 S.W.2d
556 (Tex. Crim. App. 1985); Waddell v. State, 918 S.W.2d 91, 93 (Tex.
App.—Austin 1996, no pet.).  There was some evidence in the record that Jones’s
intent was not to enter the premises to commit a theft or a felony:  Jeremy
Cooper, a witness, testified that he heard Jones say, after police had arrived,
that he was trying to look for a place to sleep.  We thus conclude that the
trial court would have erred in refusing a lesser included offense instruction
for attempted criminal trespass.

The record, however, is devoid of why such an
instruction was not requested.  By comparison, in Waddell, the
defendant’s attorney testified at the hearing on the motion for new trial that
he did not think that an instruction was available under the facts and the
law.  But he was wrong and that error amounted to ineffective assistance.  Waddell,
918 S.W.2d at 94-95.  In contrast, in Sendejo v. State, counsel was not
ineffective where the defendant’s attorney was made aware of the instruction’s
availability by the trial court, but with the defendant’s assent, counsel
instead chose to “roll the dice” with an “all-or-nothing” strategy.  Sendejo
v. State, 26 S.W.3d 676, 678-80 (Tex. App.—Corpus Christi 2000, pet.
ref’d).

Without a record that reveals the reason why a
request for an instruction on the lesser included offense of attempted criminal
trespass was not requested, we cannot speculate whether Jones’s trial counsel
was ineffective as the attorney was in Waddell or employed an
all-or-nothing strategy like the attorney in Sendejo.

Failure to object to instruction that Jones was charged with
burglary, rather than attempted burglary

 

Jones next asserts that his trial attorney was
ineffective because he failed to object to the jury charge’s instruction that
Jones was charged with burglary, rather than attempted burglary.  While there
is less need for a reason for the attorney’s failure to object, in making this
complaint Jones’s brief does not offer any argument that this failure
prejudiced his defense.  Tex. R. App. P.
38.1(h); see Walder v. State, 85 S.W.3d 824 (Tex. App.—Waco 2002,
order).

Failure to object to the trial court’s response
to a jury note

          Lastly, Jones asserts that his trial
attorney was ineffective because he failed to object to the trial court’s
response to a jury note.  The jury requested the testimony of witness Jeremy
Cooper because there was disagreement about whether Cooper saw Jones around
6:00 p.m.  The trial court responded that there was no such testimony.  This
response arguably was incorrect (Cooper’s testimony reveals that he did not see
Jones at 6:00 p.m.—he only saw him around 11:30 p.m.) and a comment on the
evidence, but in this instance Jones’s trial attorney may have strategically
decided not to object because hearing Cooper’s testimony again would have
reminded the jury that Cooper saw Jones at the scene of the offense near the
time of the offense.  Regardless, Jones’s brief fails to provide an argument
that this failure to object prejudiced his defense.  See id.

Conclusion

In this appeal, we have not decided that Jones
did or did not receive effective assistance of counsel at trial.  See
Thompson, 9 S.W.3d at 814 (“We are not deciding on this direct appeal,
therefore, that appellant did or did not receive the effective assistance of
counsel during trial.”).  Instead, without a record revealing trial counsel’s
strategy or motivation, Jones has not defeated the strong presumption that his
trial counsel’s actions fell within the wide range of reasonable and
professional assistance.  See id.  Thus, we overrule Jones’s three issues
without prejudice.  See Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex.
Crim. App. 2000) (“the proper procedure will be for the appellate court to
overrule an appellant’s Sixth Amendment claim without prejudice to appellant’s
ability to dispute counsel’s effectiveness collaterally.”).

The trial court’s judgment and sentence are
affirmed.  Our opinion and judgment
dated March 23, 2005, are withdrawn, and this opinion is substituted as the
opinion of the court.    
Tex. R. App. P. 50.  Jones’s Petition
for Discretionary Review is dismissed by operation of law.  Id.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray concurs)

Affirmed

Opinion
delivered and filed July 20, 2005

Publish

[CRPM]









    [1]       Jones, citing Bone v. State,
acknowledges the presumption that trial counsel employed sound strategy cannot
normally be overcome on direct appeal because the record will not contain
evidence of the trial attorney’s reasons for his conduct.  See Bone
v. State, 77 S.W.3d 828 (Tex. Crim. App. 2002).  He states that he
nonetheless seeks to comply with this Court’s directive that all appellate
arguments be made that might “conceivably” persuade the Court.  See Taulung
v. State, 979 S.W.2d 854, 856 (Tex. App.—Waco 1998, no pet.).