Affirmed and Memorandum Opinion filed October 5, 2010.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO.  14-09-00583-CR



 

Kedrick William Wilson, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1216715



 

MEMORANDUM OPINION

 

Appellant, Kedrick William
Wilson, appeals from his conviction for robbery.  A jury found him guilty and
assessed punishment at twelve years’ confinement.  In his sole issue, appellant
contends that he received ineffective assistance of counsel because his counsel
failed to request a charge to the jury on the lesser included offense of
assault on a public servant.  We affirm.

Background

            On
April 29, 2008, Valencia Fry, a member of the Houston Federal Credit Union,
reported her checkbook stolen.  Maria Rodriguez, a credit union employee,
testified that she received a phone call that morning from Fry, reporting her
purse stolen including checkbook and credit cards.  Julie Heath, a loan
officer, testified that Fry visited the credit union later in the morning and
filed a theft report.  Heath flagged Fry’s account in case someone attempted to
cash any of the stolen checks.

            According
to Rodriguez, shortly after Fry left the credit union, appellant arrived and
attempted to cash one of the stolen checks.  Rodriguez testified that appellant
presented one of Fry’s checks payable to himself under a false name.  She
immediately became suspicious because of the recent robbery report and because
Fry’s signature looked forged.  Rodriguez requested that appellant present his
driver’s license, signature for endorsement, and thumb print in compliance with
standard operating procedure for check cashing by a nonmember.  Appellant
complied, presenting a driver’s license listing a false name.  Rodriguez then called
her coworker, Heath, to verify that appellant’s check was a stolen check as she
suspected.

            According
to Heath, she verified that the check was stolen by the check number and called
her manager seeking guidance.  She then followed her manager’s instructions and
pushed the credit union’s silent alarm to alert the police.  While Heath and
Rodriguez attempted to “buy time” and keep appellant in the lobby, a woman
entered the lobby and beckoned for appellant to leave.  Heath then witnessed appellant
and the woman walk out of the credit union toward a parked vehicle.

            Houston
Police Officer Robert King testified that he responded to the silent alarm at
the credit union and was alerted by the dispatcher that there were two
suspects, a black man and a woman.  Shortly after arriving at the scene, he saw
a black man and a woman exiting the credit union.  As the two suspects moved
towards a parked vehicle, King asked them to stop.  According to King, they
ignored his request and entered the vehicle.  King then drew his pistol,
concerned that there might be a weapon in the vehicle.  He approached the
driver’s side door, which was open, and ordered the suspects to put their hands
on the dashboard.  He identified appellant as the person in the driver’s seat. 
The two suspects briefly complied with his order but then both engaged in some
“antics” by reaching around inside the vehicle.  Officer King then caught a glimpse
of something in appellant’s hand.

            King
decided to use his Taser; however, as he holstered his pistol and reached for the
Taser, appellant jumped out of the vehicle and a struggle ensued.  King wrapped
his arm around appellant’s neck in an attempt to subdue him, but appellant sprayed
a shot of chemical mace into King’s eyes.  Appellant then freed himself of King’s
grasp, lost his balance, and fell to the ground.  Officer King explained that
as he charged appellant’s position on the ground, the mace took effect, and he
was immediately blinded.  After that, King recalled that his head hit the
pavement.  Heath and Rodriguez, the two credit union employees, testified that
they witnessed King fall and hit his head.  Rodriguez also testified that she
witnessed appellant flee after Officer King fell.  The jury found appellant guilty
of robbery.  Appellant’s trial counsel did not request a lesser included
offense charge for assault on a public servant.

Standards of Review

            In
his sole issue, appellant contends that he received ineffective assistance of
counsel because his trial attorney failed to request that the jury be
instructed on the lesser-included offense of assault on a public servant.  We
apply a two prong test in reviewing claims of ineffective assistance of
counsel.  See Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App.
2005) (citing Strickland v. Washington, 466 U.S. 668 (1984)).  To prove
ineffective assistance, an appellant must demonstrate that (1) his or her counsel’s
performance was deficient because it fell below an objective standard of
reasonableness, and (2) there was a reasonable probability that, but for
counsel’s errors, the result of the proceeding would have been different.  Id.

            When
determining the validity of an ineffective-assistance-of-counsel claim, there
is a strong presumption that counsel’s conduct fell within the wide range of
reasonable professional assistance.  Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999).  We also indulge a strong presumption that
counsel’s actions were motivated by sound trial strategy, and we will not
conclude that the action was deficient unless it was so outrageous that no
competent attorney would have engaged in such conduct.  Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001).  However, when no reasonable trial
strategy could justify trial counsel’s conduct, counsel’s performance falls
below an objective standard of reasonableness as a matter of law, regardless of
whether the record adequately reflects trial counsel’s subjective reasons for
acting as he or she did.  Andrews v. State, 159 S.W.3d 98, 102 (Tex.
Crim. App. 2005).

Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson, 9
S.W.3d at 813.  Appellant bears the burden of proving by a preponderance of the
evidence that counsel was ineffective.  Id.  In the majority of cases,
the record on direct appeal is simply undeveloped and cannot adequately reflect
the alleged failings of trial counsel.  Jackson v. State, 973 S.W.2d
954, 957 (Tex. Crim. App. 1998).  This is particularly true when the alleged
deficiencies are matters of omission and not of commission revealed in the
record.  Id.  A proper record is best developed in a habeas corpus
proceeding or in a motion for new trial hearing.  Jensen v. State, 66
S.W.3d 528, 542 (Tex. App.CHouston
[14th Dist.] 2002, pet.  ref=d).

            To
establish counsel’s performance was deficient for failing to request a
lesser-included offense charge, an appellant must show that he or she would
have been legally entitled to an instruction on the lesser included offense had
one been requested.  Cardenas v. State, 30 S.W.3d 384, 392 (Tex. Crim.
App. 2000).  The appellant still bears the burden of overcoming the presumption
that counsel’s decision not to request the instruction could be considered
sound trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771–72
(Tex. Crim. App. 1994); see also Waddell v. State, 918 S.W.2d 91,
92 (Tex. App.—Austin 1996, no pet.).

Analysis

Appellant contends that
he received ineffective assistance of counsel because counsel failed to request
a charge on assault on a public servant, under Penal Code section  22.01, as a
lesser included offense of the charged robbery offense, under section 29.02.  Tex.
Penal Code §§ 22.01(b)(1), 29.02(a).  We will assume for the sake of this
opinion that appellant would have been entitled to the lesser-included offense
charge if it had been requested.

As the Texas Court of
Criminal Appeals has noted, a decision to not request a lesser-included offense
instruction could be part of a reasonable all-or-nothing trial strategy.  See
Ex parte White, 160 S.W.3d 46, 55 (Tex. Crim. App. 2004).  For example,
here, defense counsel made a motion for directed verdict on the ground that the
State  presented evidence only of forgery and not theft, which is a necessary
element of robbery.  Counsel may not have wanted the jury to consider the lesser-included
offense of assault on a public servant because he did not think that there was
any evidence of the theft element of robbery.  This strategy required the jury
to choose only between robbery or acquittal.  See Williams v.  State,
No.  02-02-230-CR, 2003 WL 1564307, at *1 (Tex.  App.—Fort Worth March 27,
2003, no pet.) (mem. op., not designated for publication) (holding that
counsel’s decision not to request a lesser-included offense of theft in a burglary
prosecution did not constitute ineffective assistance because counsel
apparently did not want jury to consider theft since he did not think there was
evidence of the entry element of burglary).

This is not an appeal
from a habeas corpus proceeding, and there was no motion for new trial hearing
at which counsel’s motivation, or possible lack thereof, for failing to request
an instruction could have been ascertained.  However, after the jury issued its
verdict, the following on-the-record discussion occurred regarding the
potential lesser-included-offense instruction:

[Prosecutor]:  I wanted to clarify for the record that it
was discussed between the State’s attorneys and the defense attorney that there
was a potential lesser there and that it was not requested as a strategic move
on the part of the defense attorney.  And I will defer to Mr. Dodier if that is
correct?

[Defense Counsel]:  I did not think that assault would be a
lesser of the robbery in the way it was pled.  I understand that the State pled
an assault of a public servant as part of the lesser, but I felt that that was
not going to be a lesser, especially, since the allegations were robbery and I
did not request a lesser.

 

In the discussion, the prosecutor indicated that
defense counsel had earlier represented that the decision was a strategic one. 
While defense counsel then expressed uncertainty as to whether a
lesser-included offense would have been appropriate under the circumstances, he
did not directly refute the prosecutor’s assertion that the determination was,
at least to some degree, strategic.  The record, therefore, does not affirmatively
demonstrate ineffectiveness, particularly given the strong presumption that
counsel was motivated by sound trial strategy.  See Garcia, 57 S.W.3d at
440.  Accordingly, appellant has failed to meet his burden of proving ineffectiveness
by a preponderance of the evidence.  See Thompson, 9 S.W.3d at 813.  We
overrule appellant’s sole issue.

The judgment of the trial court is affirmed.








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel consists of Chief Justice
Hedges and Justices Yates and Sullivan.

Do
Not Publish — Tex.  R.  App.  P.  47.2(b).