David Anthony SENDEJO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–98–633–CR.

Court of Appeals of Texas,
Corpus Christi.

July 27, 2000.

Robert J. Flynn, Asst. Dist. Atty., Carlos Valdez, Dist. Atty., Corpus Christi, for Appellee.

Before Chief Justice SEERDEN and Justices DORSEY and YAÑEZ.

**O P I N I O N**

Opinion by Chief Justice SEERDEN.

David Anthony Sendejo, appellant, was convicted of burglary of a habitation with intent to commit indecency with a child. *See* TEX. PEN.CODE ANN. § 30.02(a), (d) (Vernon 1998). A jury found him guilty, found him to be a repeat felony offender, and assessed punishment at forty-five years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. By two issues, appellant challenges the legal and factual sufficiency of the evidence to support his conviction and contends that he was not afforded effective assistance of counsel. We affirm.

On September 12, 1998, M.T. and a friend, A.M., were sleeping in the home of M.T.'s mother. While M.T.'s mother was away, A.M. was awakened by an unknown man standing over her, rubbing her leg near her genital area. A.M. woke up M.T. and the two retreated to a bedroom. While the two were in the bedroom, the intruder apparently left the residence. M.T. stated that she had seen the intruder and identified Sendejo as the intruder. She testified that she had seen appellant on several prior occasions. M.T.'s mother testified that she had not given appellant permission to enter the home and both girls denied inviting Sendejo into the home. Based on this evidence, the jury convicted appellant of burglary of a habitation with intent to commit indecency with a child.

■ By his first issue, appellant contends that the evidence was legally and factually insufficient to support the conviction because the State failed to prove beyond a reasonable doubt that the burglary

Lisa Harris, Corpus Christi, for Appellant.

offense was committed with the specific intent to commit indecency with a child.

We begin a factual sufficiency review with the assumption that the evidence is legally sufficient. *See Clewis v. State*, 922 S.W.2d 126, 134 (Tex.Crim.App.1996) (citing *Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We then look to all of the evidence in the record to determine if the verdict is "against the great weight and preponderance of the evidence presented at trial so as to be clearly wrong and unjust." *Clewis*, 922 S.W.2d at 135.

■ The requisite specific intent to arouse or gratify the sexual desire of a person can be inferred from conduct, remarks or all the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.Crim.App.1981). An oral expression of intent is not required. *C.F. v. State*, 897 S.W.2d 464, 472 (Tex.App.—El Paso 1995, no pet.). The conduct alone is sufficient to infer intent. *Id.* Here, the uncontroverted testimony adduced at trial shows that appellant entered the home and touched A.M. on her leg near her genital area. Based upon this testimony, the jury could have inferred that Sendejo's intent in entering the home was to commit indecency with a child. Appellant's first issue is overruled.

■ By his second issue, appellant argues that he was not afforded effective assistance of counsel at the guilt/innocence stage of the trial because counsel failed to request a jury instruction on the lesser included offense of criminal trespass.

■ We measure claims of ineffective assistance under the familiar standard enunciated in *Strickland v. Washington*. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex.Crim.App.1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). This standard requires the appellant to show both that his counsel made serious errors and that those errors caused serious harm which undermines confidence in the result

of the trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. We examine the totality of the representation in making this determination. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). The appellant bears the burden of proof and this court applies a strong presumption that counsel's actions fell within the wide range of reasonable professional assistance. *Id.*

The record reflects that, with regard to charging the jury on the lesser-included offense of criminal trespass, the following colloquy took place:

The Court: Now, there is enough evidence that the entry was without consent. If the State fails to prove to the jury that he entered with the intent to commit indecency, there is criminal trespass. You don't want that lesser charge, Mr. Kutnick [Assistant District Attorney]?

Kutnick: No.

The Court: Mr. Alvarez [Defendant's Counsel]?

Alvarez: No, Your Honor. The reason, my reasoning is, Your Honor, I think with the criminal trespass there has to be some type of Defendant (sic) on notice that he is not welcome there or asked to leave, and there has been no testimony to that effect.

The Court: Well, an enclosure is sufficient notice to a person that he should not enter, and the only definition of notice that I included is that notice means an enclosure obviously designed to exclude intruders. A house by itself is an enclosure.

Alvarez: Yes, sir.

The Court: And if it has a front door, it's obviously designed to exclude intruders.

Kutnick: Trying to make your job—if there is a joint agreement, let's go with it.

Alvarez: Yes, we would request that it not be included.

The Court: You don't want it in there?

Alvarez: No, sir. We'll roll the dice.

Thereafter, the court explained the legal significance of the issue to appellant, including the consequences of failing to include the instruction on the lesser-included offense, and asked if he understood. Appellant responded affirmatively. The court then asked if appellant agreed with counsel's decision not to include the instruction. Appellant again responded affirmatively.

 Counsel's failure to request a jury instruction can render his assistance ineffective if, under the particular facts of the case, the trial judge would have erred in refusing the instruction had counsel requested it. *See Vasquez v. State*, 830 S.W.2d 948, 951 (Tex.Crim.App.1992). The defendant, however, bears the burden of overcoming the presumption that counsel's decision not to request the instruction could be considered sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771–72 (Tex.Crim.App.1994) (citing *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052).

It is apparent from the record that the evidence supported the submission of an instruction on the lesser-included offense of criminal trespass.

Appellant contends, accordingly, that counsel's decision not to request the instruction did not fall within the range of sound trial strategy. He argues that the record shows that counsel was unaware of the fact that instructing on the lesser-included offense was proper. *See Waddell v. State*, 918 S.W.2d 91, 93 (Tex.App.— Austin 1996, no pet.). He cites specifically to *Waddell* to support this contention.

In *Waddell*, the defendant was charged with burglary. After the trial had concluded, counsel failed to request an instruction on criminal trespass. The defendant was then convicted of burglary. Waddell brought a motion for new trial. At the hearing on that motion, counsel testified that he concluded, based on the facts, that Waddell did not have authority to enter the house. He further testified, however, that an instruction on criminal trespass was not proper because Waddell did not have notice that entry to the house was forbidden and did not fail to depart after receiving notice to do so. The court of appeals concluded that this testimony suggested that counsel misunderstood the elements of criminal trespass. The court also noted that counsel testified that he was unfamiliar with a holding from the court of criminal appeals that proof of the "notice" element of criminal trespass can be established by the facts necessary to prove burglary of building "not then open to the public." *See Day v. State*, 532 S.W.2d 302, 306 (Tex.Crim.App.1975). Based upon these facts, the court of appeals concluded that there was no evidence in the record to suggest that counsel's decision was rooted in trial strategy and held that Waddell had not been afforded effective assistance of counsel. *Waddell*, 918 S.W.2d at 93.

Here, the record clearly shows that to the extent that counsel was unaware either of the elements of criminal trespass or the proof required to establish those elements, that shortcoming was remedied during the charge conference. The trial court correctly informed counsel that the lesser-included offense was available after counsel initially evidenced some misunderstanding regarding the law. Nevertheless, counsel decided to, in his words, "roll the dice."

The record furthermore reflects that appellant repeatedly agreed with this strategy.

This decision is also consistent with the defense appellant used at trial. Throughout both his cross and direct examinations, appellant repeatedly sought to, and in some cases did, elicit statements which suggested that he had been given permission to enter the home. Several witnesses testified that they had seen appellant in the home on previous occasions. There was some testimony which suggested that M.T.'s mother had asked appellant to go to the home and wait for her to return. This

was augmented by testimony that appellant and M.T.'s mother had previously had a personal relationship. In light of this defense, it would not be unreasonable for counsel to choose an all-or-nothing strategy in submitting the charge.

Because we find that counsel was sufficiently aware of the applicable law to make a tactical determination regarding the merits of his defense, and therefore, submitting the lesser-included offense to the jury, we cannot say that his decision to forego the instruction was anything other than sound trial strategy. *See id.* Appellant's second issue is overruled.

The judgment of the trial court is AFFIRMED.