Ashley v. SOT
















NUMBER 13-02-00469-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

BRIAN ASHLEY,                                                                           Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 105th District Court of Nueces County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Hinojosa

          A jury found appellant, Brian Ashley, guilty of the offense of burglary of a habitation
with intent to commit sexual assault,


 found he was a repeat felony sex offender, and
assessed his punishment at life imprisonment.


 The trial court has certified this case “is
not a plea-bargain case, and the defendant has the right to appeal.” See Tex. R. App. P.
25.2(a)(2).
          In a single issue, appellant contends the evidence is factually insufficient to sustain
his conviction. Specifically, appellant asserts the evidence is insufficient to show that he
intended to commit sexual assault.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. Tex. R. App. P. 47.4.
          We measure the factual sufficiency of the evidence by the elements of the offense
as defined by a hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997); Wheaton v. State, 129 S.W.3d 267, 272 (Tex.
App.–Corpus Christi 2004, no pet.). In reviewing the factual sufficiency of the elements of
the offense on which the State carries the burden of proof, we impartially examine all of the
evidence and set aside the verdict only if "proof of guilt is so obviously weak as to
undermine confidence in the [fact finder's] determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by the contrary proof." Swearingen v. State,
101 S.W.3d 89, 97 (Tex. Crim. App. 2003) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000)). We are also required to accord due deference to the fact finder's
determinations on the weight and credibility of the evidence and may not merely substitute
our own judgment. Swearingen, 101 S.W.3d at 97; Johnson, 23 S.W.3d at 7; see Mosley
v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998) (questions concerning credibility of
witnesses and weight given their testimony are resolved by trier of fact).
          The jury, as the trier of fact, may use common sense and apply common knowledge,
observation, and experience gained in ordinary affairs when giving effect to the inferences
that may be reasonably drawn from the evidence. Booker v. State, 929 S.W.2d 57, 60
(Tex. App.–Beaumont 1996, pet. ref’d). The jury is free to accept one version of the facts,
reject another, or reject all or any part of a witness’s testimony. Penagraph v. State, 623
S.W.2d 341, 343 (Tex. Crim. App. 1981); Sills v. State, 846 S.W.2d 392, 394 (Tex.
App.–Houston [14th Dist.] 1992, pet. ref’d). Simply because the defendant presents a
different version of the facts does not render the State’s evidence insufficient. Anderson
v. State, 701 S.W.2d 868, 872 (Tex. Crim. App. 1985); Sills, 846 S.W.2d at 394. 
          A person commits the offense of burglary if, without the effective consent of the
owner, he enters a habitation, not then open to the public, with the intent to commit a
felony, theft, or an assault. Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 2003). The
indictment alleged that appellant, “with the intent to commit [s]exual [a]ssault, enter[ed] a
habitation owned by Mary Ochoa without her effective consent.” 
          The jury is exclusively empowered to determine the issue of intent, and the events
of a burglary may imply the intent with which the defendant entered. Moore v. State, 54
S.W.3d 529, 539 (Tex. App.–Fort Worth 2001, pet. ref’d); McGee v. State, 923 S.W.2d
605, 608 (Tex. App.–Houston [1st Dist.] 1995, no pet.). Intent may be inferred from the
defendant’s conduct and surrounding circumstances. Moore, 54 S.W.3d at 539; Sandejo
v. State, 26 S.W.3d 676, 678 (Tex. App.–Corpus Christi 2000, pet. ref’d); McGee, 923
S.W.2d at 608. Further, where the charge is burglary with an intent to commit a felony, the
offense is complete whether the intended felony is committed, as long as the burglarious
entry is made with the intent to commit the felony alleged. Moore, 54 S.W.3d at 539;
Jiminez v. State, 804 S.W.2d 335, 341 (Tex. App.–San Antonio 1991, pet. ref’d). 
          The evidence in this case shows that appellant forcibly pried open the door of Mary
Ochoa’s home. He entered the bedroom where Ochoa and her eight-year-old daughter
were sleeping in the same bed. Ochoa was awakened by her daughter, who was hitting
her and saying “no, no, no.” Ochoa saw appellant on top of her daughter, on all fours, with
his hands toward her neck. She then pushed him off the bed. As appellant fled through
the kitchen, Ochoa noticed that his pants were unbuckled. 
          After reviewing all the evidence, we conclude the evidence: (1) is not so obviously
weak as to undermine confidence in the jury’s determination; and (2) is not greatly
outweighed by contrary proof. See Swearingen, 101 S.W.3d at 97. Accordingly, we hold
the evidence is factually sufficient to support appellant’s conviction for burglary of a
habitation with intent to commit sexual assault. Appellant’s sole issue is overruled.
          The judgment of the trial court is affirmed.

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
22nd day of July, 2004.