NUMBER 13-03-170-CR 
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
RICARDO B. VERA,                                                                     Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 105th District Court
of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo
                              Opinion by Chief Justice Valdez
          Appellant, Ricardo B. Vera, was convicted by a jury of aggravated sexual assault
of a child and sentenced to fifty years imprisonment. By two issues, appellant complains
of ineffective assistance of counsel and fundamental error in the admission of hearsay. 
Both issues complain of the admission at trial, without objection, of a videotaped interview
of the minor complainant. We affirm.
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of this Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
          The right to effective assistance of counsel requires a two-part inquiry to determine
whether representation was so inadequate that it violated appellant’s right to counsel. 
Strickland v. Washington, 466 U.S. 668, 704 (1984); see Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). First, appellant must show that counsel’s representation fell below an
objective standard of reasonableness. Thompson, 9 S.W.3d at 812; Yates v. State, 917
S.W.2d 915, 920 (Tex. App.–Corpus Christi 1996, pet. ref’d). Second, the defendant must
further prove that there is a reasonable probability that but for counsel’s deficient
performance, the result of the proceeding would have been different. Thompson, 9 S.W.3d
at 812. A reasonable probability is a probability sufficient to undermine confidence in the
outcome. Id. 
          The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. Id. An appellate court looks
to the totality of the representation and the particular circumstances of the case in
evaluating the effectiveness of counsel. Id.; Sendejo v. State, 26 S.W.3d 676, 678 (Tex.
App.–Corpus Christi 2000, pet. ref’d). 
           The appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Thompson, 9 S.W.3d at 813. There is a strong presumption that
counsel’s conduct fell within the wide range of reasonable professional assistance. 
Strickland, 466 U.S. at 689; Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.–Corpus Christi
2000, no pet.). We presume that trial counsel is better positioned than the appellate court
to judge the pragmatism of the particular case and that counsel made all significant
decisions in the exercise of reasonable professional judgment and sound trial strategy. 
Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000); Stone v. State, 17 S.W.3d 348,
350-51 (Tex. App.–Corpus Christi 2000, pet. ref’d). To defeat the presumption of
reasonable professional assistance, “any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (per
curiam).
          By his first issue on appeal, appellant claims that his trial counsel was ineffective for
failing to object to the introduction of a videotaped interview with the child because it was
not the first outcry made by the minor victim. Appellant’s first issue is premised on article
38.072 of the code of criminal procedure, which provides an exception to the hearsay rule
allowing testimony regarding a child abuse victim’s initial outcry statement made to the first
person eighteen years of age or older, other than the defendant, to whom the child made
a statement about the offense. See Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon
Supp. 2004). In contrast, the State argues that the videotape was admissible under
section two of article 38.071 of the criminal code, which allows for the admission of
videotaped testimony from a minor victim. See Tex. Code Crim. Proc. Ann. art. 38.071,
§ 2 (Vernon Supp. 2004). The State’s argument is inapposite. Article 38.071 does not
apply in the instant case because the child testified at trial and was not younger than
thirteen years of age at that time. See id. §1; see also Jensen v. State, 66 S.W.3d 528,
535 (Tex. App.–Houston [14th Dist.] 2002, pet. ref’d).
           As an initial matter, we note that the failure to object to inadmissible evidence does
not necessarily constitute ineffective assistance of counsel. See McFarland v. State, 845
S.W.2d 824, 846 (Tex. Crim. App. 1992); Castoreno v. State, 932 S.W.2d 597, 603 (Tex.
App.–San Antonio 1996, pet. ref’d). Moreover, isolated failures to object generally do not
constitute error in light of the sufficiency of the overall representation. Johnson v. State,
691 S.W.2d 619, 627 (Tex. Crim. App. 1984). Further, as argued by the State, it is
possible that counsel’s failure to object was the result of trial strategy. In this regard, we
note that trial counsel requested that the videotape be edited prior to admission at trial, and
further note that trial counsel utilized the videotape to highlight inconsistencies in the
complainant’s testimony. We conclude that appellant has failed to meet the first prong of
Strickland, that is, he has not overcome the presumption that trial counsel’s action in not
objecting to the videotape was within the wide range of reasonable professional
assistance. Strickland, 466 U.S. at 689. Moreover, we further conclude that appellant has
not met the second prong of Strickland in that he has not shown that there is a reasonable
probability that, but for counsel’s allegedly deficient performance, the result of the
proceeding would have been different. Id. We overrule appellant’s first issue.
          In his second issue, appellant contends that he was denied a fair trial by reason of
the trial court’s “fundamental error,” that is, admitting inadmissible hearsay statements of
the victim, thereby denying the appellant an opportunity to confront his accuser. Admission
of hearsay evidence is not fundamental error. Moore v. State, 935 S.W.2d 124, 130 (Tex.
Crim. App. 1996); see also Briggs v. State, 789 S.W.2d 918, 921-24 (Tex. Crim. App.
1990) (objection to admission of minor victim’s videotape required to preserve complaints
that admission violated rights to confrontation and due process or due course of law). 
Accordingly, appellant has not preserved error regarding this issue. 
          Moreover, and significantly, the complainant was available to testify and did testify
during the State’s case-in-chief. Appellant was afforded a full and fair opportunity to cross
examine her, and his confrontation rights were thus vindicated. See Briggs, 789 S.W.2d
at 924. The videotape’s contents were cumulative of the complainant’s testimony at trial. 
Therefore, even if the trial court erred in admitting the videotape, we must disregard the
error because it could not have affected appellant’s substantial rights. See Tex. R. App.
P. 44.2(b); Matz v. State, 21 S.W.3d 911, 912 (Tex. App.–Fort Worth 2000, pet. ref’d); see
also Carlock v. State, 99 S.W.3d 288, 292 (Tex. App.–Texarkana 2003, no pet.)
(erroneous admission of videotape harmless where utilized as “main attack” against
victim’s testimony). We overrule appellant’s second issue.
          Having overruled each of appellant’s issues, the judgment is affirmed.       
  
 

                                                                                                                     
                                                                                 Rogelio Valdez,
                                                                                 Chief Justice


Do not publish. 
Tex. R. App. P. 47.2(b)
Opinion delivered and filed
this 12th day of August, 2004.