Opinion issued March 22, 2007






 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00212-CR






DOMINGO NAVARRO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1013925






O P I N I O N

 A jury convicted appellant, Domingo Navarro, of indecency with a child by
exposure. See Tex. Pen. Code Ann. § 21.11(a)(2) (Vernon 2003). The jury assessed
punishment at 10 years' imprisonment, but recommended that the sentence be
suspended and appellant placed on community supervision for 10 years. In two
points of error, appellant contends that the evidence is legally and factually
insufficient to support a finding of guilt.

 We affirm.Facts

 At the time of the offense, appellant lived with Martha Vallarta, the
grandmother of the 12-year-old complainant, R.V. At the time of trial, appellant and
Vallarta had been living together for 14 years, and, according to R.V., appellant had
"been around" as long as she could remember.

 On January 14, 2005, R.V.'s mother dropped her off at Vallarta's house for the
weekend. Sometime the next day, according to Vallarta, Vallarta and R.V. argued
over R.V.'s use of the phone, and R.V. said, "You're going to regret taking away the
phone from me." Later that night, R.V. went to her grandmother's bedroom and
asked appellant if she could use the phone. The phone was lying on the bed between
appellant and her grandmother, who was sleeping. According to R.V., appellant said
nothing in response to her request, but rather turned around and pulled down his
shorts so R.V. could see his penis. Appellant then repeatedly whispered to R.V. for
her to lift up her shirt. In response, R.V. yelled at appellant to give her the phone,
waking her grandmother. Appellant immediately covered himself with a blanket and
began changing the channels on the television.

 The following Tuesday at school, R.V. approached Heather Barrett, her former
English teacher, and said, "I have something to tell you." When Barrett asked R.V.
what was wrong, R.V. began to cry and said, "That's it. That's the final straw. That's
just it." R.V. then told Barrett how appellant would have his pants down and make
her look at his penis. R.V. also explained to Barrett how the year before she had
thought she might be pregnant because appellant had come into her room one night,
gotten on top of her, and penetrated her vagina with his penis. Once Barrett and R.V.
had finished talking, Barrett called R.V.'s mother, Sanjuanita Villaneuva, and the
deputy assigned to R.V.'s school.

 At trial, R.V. testified about several occasions, in addition to the January 2005
incident after which she approached Barrett, when appellant had exposed himself or
had touched her inappropriately. The first time appellant touched her, R.V. was in
the second grade; she was watching television, and he touched her breasts over her
shirt. Sometimes, when visiting Vallarta, R.V. would sleep between appellant and
Vallarta, and appellant would reach inside her clothes and touch her breasts and
private parts. On several occasions, appellant had pulled down his shorts, revealing
his penis. Once, appellant put R.V.'s hand on his penis and moved it up and down. 
Another time, when R.V. was 12 years old, she awoke to find appellant standing over
her with his pants at his knees and pulling down her shorts; he then climbed on top
of her and penetrated her vagina with his penis.

Analysis

 When an appellant challenges both the legal and factual sufficiency of the
evidence, we must first determine whether the evidence is legally sufficient to support
the verdict. Harmond v. State, 960 S.W.2d 404, 406 (Tex. App.--Houston [1st Dist.]
1998, no pet.).

 Legal Insufficiency

 In his first point of error, appellant argues that the evidence is legally
insufficient to prove that he exposed his genitals with the "intent to arouse or gratify
the sexual desire of [R.V.]."

 We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all the
evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact finder. King, 29 S.W.3d at 562.

 Appellant was charged with indecency with a child by exposure. To prove this
offense, the State must show that, with intent to arouse or gratify the sexual desire of
any person, the accused (1) exposed his anus or any part of his genitals knowing that
a child, younger than 17 years and not his spouse, was present or (2) caused the child
to expose the child's anus or any part of the child's genitals. See Tex. Pen. Code
Ann. § 21.11(a)(2). Here, the indictment specifically alleged that appellant
intentionally and knowingly exposed his genitals with the intent to "arouse and
gratify the sexual desire of [R.V.]." Thus, the State was required to prove that
appellant exposed his genitals with intent to arouse the sexual desire of not just any
person, but the sexual desire of R.V. See id.

 The requisite specific intent under Texas Penal Code section 21.11(a)(2) may
be inferred from the defendant's conduct, his remarks, and all surrounding
circumstances. McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981);
Santos v. State, 961 S.W.2d 304, 308 (Tex. App.--Houston [1st Dist.] 1997, pet.
ref'd). An oral expression of intent is not required. Sendejo v. State, 26 S.W.3d 676,
678 (Tex. App.--Corpus Christi 2000, pet. ref'd).

 R.V. testified that on January 15, 2005 when she asked appellant if she could
use the phone, he pulled down his shorts to expose his penis and repeatedly asked
R.V. to lift up her shirt. From this evidence, the jury could have inferred that
appellant exposed his genitals to R.V. with intent to arouse or gratify her sexual
desire. See McKenzie, 617 S.W.2d at 216; Santos, 961 S.W.2d at 308. Even if this
alone were insufficient for a finding of intent, the fact that appellant had, on previous
occasions, exposed his genitals; put R.V.'s hand on his penis and moved it up and
down; touched her breasts and her private parts; and pulled down her shorts, climbed
on top of her, and penetrated her vagina with his penis is additional evidence of
intent. See Morgan v. State, 692 S.W.2d 877, 880-81 (Tex. Crim. App. 1985)
(finding extraneous offense evidence admissible to show intent when "defendant's
conduct, his remarks and all surrounding circumstances" fail to establish the requisite
intent); see also Abbott v. State, 196 S.W.3d 334, 341 (Tex. App.--Waco 2006, pet.
ref'd) (considering evidence that appellant had committed same conduct on other
occasions as additional evidence of intent under section 21.11).

 Appellant argues, however, that in a case, like this one, where the State was
required to prove that the accused committed the offensive act with intent to arouse
or gratify the sexual desire of another person, that other person must be actively
involved in the act or the accused must at least attempt to include and arouse the other
person by words or actions, or both. To support his position, appellant relies on
Underwood v. State. See No. 04-166, 2005 WL 77135 (Tex. Crim. App. Nov. 10,
2004) (not designated for publication). In Underwood, the appellant was convicted
of public lewdness for brushing up against the genitals of an undercover police
officer during a private dance at a topless bar. (1) Id. at *1-2. On appeal, the appellant
argued that the evidence was legally insufficient to show that she had touched the
officer's genitals with intent to arouse or gratify the sexual desire of the officer. See
id. at *2. The Court of Criminal Appeals disagreed, holding that the evidence that the
appellant had removed her dress, was wearing no lingerie, stood and danced in front
of the officer, stood between his legs and touched his genitals with her knee and
thigh, and touched his genitals with her buttocks when she sat on his lap was
evidence, when viewed in the light most favorable to the prosecution, from which any
rational trier of fact could have found that she touched the officer with intent to
arouse his sexual desire. Id. 

 The evidence in Underwood that the appellant had physically touched the
officer--the evidence of "inclusion" to which we assume appellant is referring--was
certainly relevant to the court's holding. The court cited no authority, however, nor
can we find any, holding that this type of evidence was necessary for a finding that
the appellant had touched the officer with intent to arouse his sexual desire. (2) Rather,
the offense of which the appellant was convicted--engaging in an act of sexual
contact in a public place (3)--necessarily required that the appellant touch the officer
in a sexual way--i.e., include the officer in the offensive act. Thus, the Underwood
court reviewed the evidence that the appellant had touched the officer not as a factor
necessary for a finding of intent, but in the light most favorable to the verdict to
determine whether the jury could have found that the appellant, by touching the
officer's genitals, intended to arouse the officer's sexual desire. See id.

 After reviewing the evidence in the light most favorable to the verdict, we hold
there is sufficient evidence from which a rational trier of fact could have found that
appellant exposed his genitals with intent to arouse or gratify the sexual desire of
R.V. See Tex. Pen. Code Ann. § 21.11(a)(2); Wesbrook, 29 S.W.3d at 111; King,
29 S.W.3d at 562.

 We overrule appellant's first point of error.

 Factual Sufficiency

 In his second point of error, appellant contends that the evidence is too weak
to support a finding of guilt beyond a reasonable doubt and that the contrary evidence
is strong enough that the beyond-a-reasonable-doubt standard could not have been
met. 

 We begin the factual sufficiency review with the presumption that the evidence
supporting the jury's verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all of the evidence in a neutral light, (4) and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim.
App. 2000). Regarding the second basis for a finding of factual insufficiency, "an
appellate court must . . . be able to say, with some objective basis in the record, that
the great weight and preponderance of the (albeit legally sufficient) evidence
contradicts the jury's verdict before [the court] is justified in exercising its appellate
fact jurisdiction to order a new trial." Watson v. State, 204 S.W.3d 404, 417 (Tex.
Crim. App. 2006) (emphasis omitted). For a review of factual sufficiency, we must
consider the most important evidence that the appellant claims undermines the
verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

 We do not agree with appellant that the evidence presented at trial is too weak
to support a finding of guilt beyond a reasonable doubt. R.V. testified that when she
asked appellant if she could use the phone, he pulled down his shorts to expose his
penis. She further testified that when she shouted to wake her sleeping grandmother,
appellant immediately covered himself with a blanket and began changing the
channels on the television. The testimony of a child victim alone is sufficient to
support a conviction for indecency with a child. Tex. Code Crim. Proc. Ann.
§ 38.07 (Vernon 2005); Lee v. State, 176 S.W.3d 452, 458 (Tex. App.--Houston [1st
Dist.] 2004), aff'd, 206 S.W.3d 620 (Tex. Crim. App. 2006). 

 Nor do we agree with appellant that the contrary evidence is strong enough that
the beyond-a-reasonable-doubt standard could not have been met. At trial, Vallarta
testified that on January 15, 2005, before appellant exposed his genitals to R.V., R.V.
and her grandmother had argued over R.V.'s use of the phone and R.V. had said,
"You're going to regret taking away the phone from me." According to appellant,
this testimony "directly contradicts" the story R.V. told the jury. This argument,
however, goes directly to the credibility of R.V. as a witness, which is a matter for the
determination of the jury. See Guajardo v. State, 176 S.W.3d 402, 405 (Tex.
App.--Houston [1st Dist.] 2004, pet. ref'd). Our evaluation may not intrude upon the
fact finder's role as the sole judge of the weight and credibility accorded any
witness's testimony. Cain v. State, 958 S.W.2d 404, 407 n.4 (Tex. Crim. App. 1997). 
What weight to be given contradictory testimonial evidence is within the sole
province of the fact finder because it turns on an evaluation of credibility and
demeanor. Id. at 408-09. The fact finder may choose to believe all, some, or none
of the testimony presented. Hughes v. State, 897 S.W.2d 285, 289 (Tex. Crim. App.
1994). We must defer to the fact finder to avoid substituting our judgment for its
judgment. See Johnson, 23 S.W.3d at 12. 

 Thus, after neutrally examining all the evidence, we find that the proof of guilt
was not so weak that the verdict is clearly wrong or manifestly unjust; nor is the
verdict against the great weight and preponderance of the evidence. See Johnson, 23
S.W.3d at 10-11.

 We overrule appellant's second point of error.

Conclusion

 We affirm the judgment of the trial court.


 


 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

Publish. Tex. R. App. P. 47.2(b).
1. Under the Texas Penal Code, a person commits an offense when he knowingly engages in
an act of sexual contact in a public place. Tex. Pen. Code Ann. § 21.07(a)(3) (Vernon
2003). The Texas Penal Code defines "sexual contact" as "any touching of the anus, breast,
or any part of the genitals of another person with intent to arouse or gratify the sexual desire
of any person." Id. § 21.01(2) (Vernon Supp. 2006) (emphasis added).
2. In fact, we have found the opposite. In an unreported 2002 opinion, we found the evidence
that, as the complainant drove past the appellant sitting on a chair in his driveway, the
appellant spread his legs and exposed his genitals through the leg of his shorts, slipped his
hand in his shorts and exposed his private parts, and later, when the complainant returned
with a witness, had one side of his shorts pulled up as he played with his testicles, was legally
sufficient to support a finding that the appellant intended to arouse or satisfy the sexual desire
of the complainant. Caldwell v. State, No. 01-00-00820-CR, 2002 WL 1821984, at *1-2
(Tex. App.--Houston [1st Dist.] Aug. 8, 2002, pet. ref'd) (not designated for publication). 
The appellant in no way physically touched the complainant nor was the complainant actively
involved in the appellant's actions; the complainant was merely a spectator.
3. See Tex. Pen. Code Ann. § 21.07(a)(3).
4. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999).