

NUMBER 13-07-00333-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALEJANDRO A. VILLARREAL,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

**On appeal from the 156th District Court
of Bee County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant, Alejandro A. Villarreal, challenges his convictions of aggravated sexual assault and indecency with a child by sexual contact. *See* Tex. Penal Code Ann. §§ 21.11(a)(1) (Vernon 2003), 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 2008). By four issues, Villarreal contends that the evidence is legally and factually insufficient to support the judgment, the State's use of an anatomically correct doll created substantial prejudice that

outweighed its probative value, and the State's closing argument was improper and constituted reversible error.  We affirm.

## I. BACKGROUND

At trial, the State offered the testimony of five witnesses, including M.C., a nine-year-old child.  At trial, M.C. testified that in 2004, when he was six years old and in first grade, he lived with his mother, brother, and Villarreal.  On or about March 20, 2004, while his mother and brother went grocery shopping, Villarreal knelt down and pulled M.C.'s shorts and underwear down to his ankles.  Villarreal started "touching [M.C.'s] private parts."  Villarreal then grabbed and rubbed M.C.'s penis and  "stuck his finger up [M.C.'s] butt" and "was pulling it up and down."[1]  M.C. stated that he felt scared because Villarreal told him that if he told anyone, Villarreal would kill M.C.'s mother and brother.  M.C. believed that Villarreal would also kill him.

M.C. testified that he eventually told his aunt, P.Z., about the incident.  P.Z. testified that in August 2004, after a separate incident involving M.C., she asked M.C. if anyone had ever touched him.  M.C. replied that Villarreal had touched his "privates" and "his little butt."  P.Z. stated that M.C. then told his mother what had happened.

The jury found Villarreal guilty of aggravated sexual assault and indecency with a child.  The trial court sentenced Villarreal to fifty years' confinement in the Texas Department of Criminal Justice-Institutional Division on each count, to run concurrently.  This appeal ensued.

## II. SUFFICIENCY OF THE EVIDENCE

By his first and second issues, Villarreal contends that the evidence is legally and factually insufficient to support his conviction.

---

[1] M.C. testified that his "butt" was where he went "poop."

## A. Standard of Review and Applicable Law

In conducting a legal sufficiency review, we view the relevant evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)); *Escamilla v. State*, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). We do not reevaluate the weight and credibility of the evidence, and we do not substitute our own judgment for the trier of fact. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (en banc); *Beckham v. State,* 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). Instead, we consider whether the jury reached a rational decision. *Beckham*, 29 S.W.3d at 151.

In a factual sufficiency review, we review the evidence in a neutral light to determine whether the evidence is so weak that the jury's verdict seems clearly wrong and manifestly unjust or against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). This Court will not reverse the jury's verdict unless we can say, with some objective basis in the record, the great weight and preponderance of the evidence contradicts the verdict. *Id.* at 417.

Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Adi v. State*, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd). Based on the indictment in the aggravated assault case, the State had to prove Villarreal intentionally or knowingly caused the penetration of the anus or sexual organ of M.C. by any means and that M.C. was younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B). In the indecency with a child case, the State

had to prove that M.C. was younger than seventeen years of age and not Villarreal's spouse and that Villarreal engaged in sexual contact with M.C. or caused M.C. to engage in sexual contact. *Id.* § 21.11(a)(1). "Sexual contact" means "any touching by a person, including the touching through clothing, of the anus, breast, or any part of the genitals of a child" if "committed with the intent to arouse or gratify the sexual desires of any person." *Id.* § 21.11(c)(1).

"A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a) (Vernon 2003). "A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b). A culpable mental state is generally proven by circumstantial evidence. *Skillern v. State*, 890 S.W.2d 849, 880 (Tex. App.–Austin 1994, pet. ref'd). The jury may infer knowledge and intent from the acts, words, and conduct of the accused. *See Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982); *Murray v. State*, 24 S.W.3d 881, 886 (Tex. App.–Waco 2000, pet ref'd); *Sendejo v. State*, 26 S.W.3d 676, 678 (Tex. App.–Corpus Christi 2000, pet. ref'd); *Skillern*, 890 S.W.2d at 880. An oral expression of intent is not required; the "conduct alone is sufficient to infer intent." *Sendejo*, 26 S.W.3d at 678.

### B. Analysis

1. Legal Sufficiency

By his first issue, Villarreal contends that the evidence is legally insufficient to sustain his conviction because the State failed to prove that he intentionally or knowingly committed the offense of aggravated sexual assault. Specifically, Villarreal argues that

there is no evidence that it was his "conscious objective or desire; or awareness of the nature of his conduct" to commit the offense of aggravated sexual assault. He also argues that the State failed to prove he committed the offense of indecency with a child because there is no evidence to "show [his] intent to arouse or gratify his sexual desire." *See* TEX. PENAL CODE ANN. § 21.11(c)(1).

Here, the jury could have concluded that it was Villarreal's conscious objective or desire to engage in the conduct or cause the result and that he was aware that his conduct was reasonably certain to cause the result based on M.C.'s uncontested testimony that: (1) Villarreal threatened to kill M.C.'s mother and brother if M.C. told anyone about the incident; (2) Villarreal pulled M.C.'s shorts and underwear down; and (3) Villarreal put his finger in M.C.'s anus and proceeded to "pull it up and down." *See id.* § 6.03(a), (b); *see also Dues*, 634 S.W.2d at 305; *Murray*, 24 S.W.3d at 886; *Sendejo*, 26 S.W.3d at 678; *Skillern*, 890 S.W.2d at 880; *In re H.R.A.*, 790 S.W.2d 102, 106 (Tex. App.–Beaumont 1990, no writ.) (concluding that the victim's testimony proved that appellant "knowingly" committed the act of oral sex upon the victim). Moreover, the jury could have concluded that Villarreal's intent was to arouse or gratify his sexual desire based on: (1) Villarreal's conduct of grabbing and rubbing M.C.'s penis when the two were alone; and (2) his remarks to M.C. that Villarreal would kill M.C.'s mother and brother if M.C. told anyone what happened. *See* TEX. PENAL CODE ANN. § 21.11(c)(1); *Breckenridge v. State*, 40 S.W.3d 118, 128 (Tex. App.–San Antonio 2000, pet. ref'd) (providing that the requisite specific intent to arouse or gratify someone's sexual desire can be inferred from the defendant's conduct, remarks, and all the surrounding circumstances); *Sendejo*, 26 S.W.3d at 678. Therefore, viewing the evidence in the light most favorable to the verdict, we

5

conclude that a rational trier of fact could have found beyond a reasonable doubt that Villarreal intentionally or knowingly caused the penetration of M.C.'s anus and that it was Villarreal's intent to arouse or gratify his sexual desire. *See Hooper*, 214 S.W.3d at 13; *Escamilla*, 143 S.W.3d at 817.[2]

Villarreal's first issue is overruled.

## 2. Factual Sufficiency

By his second issue, Villarreal contends that the evidence is factually insufficient to sustain his conviction. Specifically, Villarreal asserts that the evidence is insufficient because there was no medical or physical evidence of the victim's injuries and because M.C. created reasonable doubt by giving conflicting testimony about the incident.

Villarreal does not provide a clear and concise argument for his contention or cite to authority, and we find none, requiring the State to provide evidence that a victim of aggravated sexual assault or indecency with a child was injured. *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i), (2)(B), 21.11(a)(1). Moreover, testimony by the victim of an aggravated sexual assault is sufficient to establish guilt, even where no physical evidence of trauma or injury exists. *See* TEX. CODE CRIM. PROC. ANN. § 38.07 (Vernon 2005); *Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.–Waco 2006, pet ref'd); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.–Dallas 2002, pet. ref'd) (concluding that the evidence was sufficient

---

[2] In his second issue, Villarreal appears to contend that the evidence is insufficient because he "may have been on drugs" at the time of the incident. However, Villarreal has not provided a clear and concise argument for this issue with appropriate citation to authorities. This issue is therefore inadequately briefed. *See* TEX. R. APP. P. 38.1(i). Moreover, we note that Villarreal cites to a portion of the record wherein Roland Arzola, Villarreal's brother, testified that Villarreal had been incarcerated for delivering inhalants to Arzola when Arzola was a minor. However, Arzola did not testify that Villarreal used drugs or may have been under the influence of drugs at the time Villarreal committed the offenses in this case. Therefore, this contention is without merit.

to support conviction for aggravated sexual assault based on the child victim's testimony alone); *Jensen v. State*, 66 S.W.3d 528, 534 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd); *see also Lopez v. State*, 815 S.W.2d 846, 848-49 (Tex. App.–Corpus Christi 1991, no pet.) (finding the testimony of a child victim, whose physical examination was "normal," was sufficient evidence of penetration); *Hill v. State*, 3 S.W.3d 249, 254 (Tex. App.–Waco 1999, pet. ref'd) (concluding that the evidence was sufficient to sustain the conviction for indecency with a child after noting that the medical evidence was inclusive).

Next, Villarreal asserts that reasonable doubt was created when M.C. gave conflicting testimony about the incident; however, he provides no record cites pointing to the complained-of testimony. After reviewing the record, we do not find any conflicts in M.C.'s testimony regarding the elements of aggravated sexual assault or indecency with a child. Moreover, we must give the fact finder's determinations concerning the weight and credibility of the evidence due deference, and reversal of those determinations is only appropriate to prevent the occurrence of a manifest injustice. *Martinez v. State*, 129 S.W.3d 101, 106 (Tex. Crim. App. 2004) (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). As the trier of fact, the jury was free to believe or disbelieve M.C.'s testimony and to reconcile conflicts, if any, in the testimony. *See Bottenfield v. State*, 77 S.W.3d 349, 355 (Tex. App.–Fort Worth 2002, pet. ref'd). By returning guilty verdicts, the jury necessarily resolved any conflicts in favor of the State and found M.C.'s testimony credible.

Therefore, after viewing the evidence in a neutral light, we conclude that the evidence is not so weak that the jury's verdict seems clearly wrong and manifestly unjust or that the jury's verdict is against the great weight and preponderance of the evidence.

*See Watson*, 204 S.W.3d at 414-15. We conclude that the evidence was factually sufficient to sustain Villarreal's convictions, and we overrule Villarreal's second issue.

### III. USE OF ANATOMICALLY CORRECT DOLL

By his third issue, Villarreal contends that the State's use of an anatomically correct doll created substantial prejudice that outweighed its probative value. *See* TEX. R. EVID. 403. Villarreal raises this complaint for the first time on appeal. *See* TEX. R. APP. P. 33.1(a); *Jaynes v. State*, 216 S.W.3d 839, 850 (Tex. App.–Corpus Christi 2006, no pet.). Because this complaint was not made to the trial court by a timely request, objection, or motion, this issue has not been preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Jaynes*, 216 S.W.3d at 850 (concluding that appellant did not properly preserve error because he did not renew the rule 403 objection at trial that he made in his pre-trial motion in limine). We overrule Villarreal's third issue.

### IV. JURY ARGUMENT

By his fourth issue, Villarreal contends that the State's reference to his demeanor during its closing arguments was an impermissible or improper argument constituting reversible error.

Villarreal first complains of the following argument made by the State: "I don't know whether you were watching him—never made eye contact that I could see with the child while he was testifying. Those things are important." Villarreal did not object to the State's argument, and therefore failed to preserve error. *See Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002) (concluding that appellant forfeited right to complain on appeal concerning the State's improper jury argument by failing to object at trial); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc) ("Before a defendant will be permitted

8

to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous jury argument, he will have to show he objected and pursued his objection to an adverse ruling.").

Villarreal also complains of the State's argument that Villarreal's "demeanor is important and his lack of looking at you and his lack of contact with that child are evidence of his guilt, ladies and gentlemen, just as if he had testified." Villarreal objected to this argument on the basis that it was "argumentative." This trial objection does not comport with Villarreal's appellate claim that the prosecution's argument violated his State and federal constitutional right against self-incrimination. Villarreal, therefore, has not preserved his complaint. *See* Tex. R. App. P. 33.1; *Coffey v. State*, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990) (en banc) (providing that an objection to a jury argument raised on appeal will not be considered if it varies from the objection made at trial).

We overrule Villarreal's fourth issue.

## V. Conclusion

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 26th day of February, 2009.