NUMBER 13-07-00333-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ALEJANDRO A. VILLARREAL, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 156th District Court 

of Bee County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Alejandro A. Villarreal, challenges his convictions of aggravated sexual
assault and indecency with a child by sexual contact. See Tex. Penal Code Ann. §§
21.11(a)(1) (Vernon 2003), 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 2008). By four issues,
Villarreal contends that the evidence is legally and factually insufficient to support the
judgment, the State's use of an anatomically correct doll created substantial prejudice that
outweighed its probative value, and the State's closing argument was improper and
constituted reversible error. We affirm.

I. Background

 At trial, the State offered the testimony of five witnesses, including M.C., a nine-year-old child. At trial, M.C. testified that in 2004, when he was six years old and in first
grade, he lived with his mother, brother, and Villarreal. On or about March 20, 2004, while
his mother and brother went grocery shopping, Villarreal knelt down and pulled M.C.'s
shorts and underwear down to his ankles. Villarreal started "touching [M.C.'s] private
parts." Villarreal then grabbed and rubbed M.C.'s penis and "stuck his finger up [M.C.'s]
butt" and "was pulling it up and down." (1) M.C. stated that he felt scared because Villarreal
told him that if he told anyone, Villarreal would kill M.C.'s mother and brother. M.C.
believed that Villarreal would also kill him. 

 M.C. testified that he eventually told his aunt, P.Z., about the incident. P.Z. testified
that in August 2004, after a separate incident involving M.C., she asked M.C. if anyone had
ever touched him. M.C. replied that Villarreal had touched his "privates" and "his little butt." 
P.Z. stated that M.C. then told his mother what had happened.

 The jury found Villarreal guilty of aggravated sexual assault and indecency with a
child. The trial court sentenced Villarreal to fifty years' confinement in the Texas
Department of Criminal Justice-Institutional Division on each count, to run concurrently.
This appeal ensued.

II. Sufficiency of the Evidence

 By his first and second issues, Villarreal contends that the evidence is legally and
factually insufficient to support his conviction.A. Standard of Review and Applicable Law

 In conducting a legal sufficiency review, we view the relevant evidence in the light
most favorable to the verdict to determine whether a rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Hooper v. State, 214
S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307, 318-19
(1979)); Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). We do not
reevaluate the weight and credibility of the evidence, and we do not substitute our own
judgment for the trier of fact. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000)
(en banc); Beckham v. State, 29 S.W.3d 148, 151 (Tex. App.-Houston [14th Dist.] 2000,
pet. ref'd). Instead, we consider whether the jury reached a rational decision. Beckham,
29 S.W.3d at 151.

 In a factual sufficiency review, we review the evidence in a neutral light to determine
whether the evidence is so weak that the jury's verdict seems clearly wrong and manifestly
unjust or against the great weight and preponderance of the evidence. Watson v. State,
204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). This Court will not reverse the jury's
verdict unless we can say, with some objective basis in the record, the great weight and
preponderance of the evidence contradicts the verdict. Id. at 417.

 Both legal and factual sufficiency are measured by the elements of the offense as
defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997); Adi v. State, 94 S.W.3d 124, 131 (Tex. App.-Corpus Christi 2002, pet.
ref'd). Based on the indictment in the aggravated assault case, the State had to prove
Villarreal intentionally or knowingly caused the penetration of the anus or sexual organ of
M.C. by any means and that M.C. was younger than fourteen years of age. See Tex.
Penal Code Ann. § 22.021(a)(1)(B)(i), (2)(B). In the indecency with a child case, the State
had to prove that M.C. was younger than seventeen years of age and not Villarreal's
spouse and that Villarreal engaged in sexual contact with M.C. or caused M.C. to engage
in sexual contact. Id. § 21.11(a)(1). "Sexual contact" means "any touching by a person,
including the touching through clothing, of the anus, breast, or any part of the genitals of
a child" if "committed with the intent to arouse or gratify the sexual desires of any person." 
Id. § 21.11(c)(1).

 "A person acts intentionally, or with intent, with respect to the nature of his conduct
or to a result of his conduct when it is his conscious objective or desire to engage in the
conduct or cause the result." Id. § 6.03(a) (Vernon 2003). "A person acts knowingly, or
with knowledge, with respect to a result of his conduct when he is aware that his conduct
is reasonably certain to cause the result." Id. § 6.03(b). A culpable mental state is
generally proven by circumstantial evidence. Skillern v. State, 890 S.W.2d 849, 880 (Tex.
App.-Austin 1994, pet. ref'd). The jury may infer knowledge and intent from the acts,
words, and conduct of the accused. See Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim.
App. 1982); Murray v. State, 24 S.W.3d 881, 886 (Tex. App.-Waco 2000, pet ref'd);
Sendejo v. State, 26 S.W.3d 676, 678 (Tex. App.-Corpus Christi 2000, pet. ref'd); Skillern,
890 S.W.2d at 880. An oral expression of intent is not required; the "conduct alone is
sufficient to infer intent." Sendejo, 26 S.W.3d at 678.

B. Analysis

1. Legal Sufficiency

 By his first issue, Villarreal contends that the evidence is legally insufficient to
sustain his conviction because the State failed to prove that he intentionally or knowingly
committed the offense of aggravated sexual assault. Specifically, Villarreal argues that
there is no evidence that it was his "conscious objective or desire; or awareness of the
nature of his conduct" to commit the offense of aggravated sexual assault. He also argues
that the State failed to prove he committed the offense of indecency with a child because
there is no evidence to "show [his] intent to arouse or gratify his sexual desire." See Tex.
Penal Code Ann. § 21.11(c)(1).

 Here, the jury could have concluded that it was Villarreal's conscious objective or
desire to engage in the conduct or cause the result and that he was aware that his conduct
was reasonably certain to cause the result based on M.C.'s uncontested testimony that: 
(1) Villarreal threatened to kill M.C.'s mother and brother if M.C. told anyone about the
incident; (2) Villarreal pulled M.C.'s shorts and underwear down; and (3) Villarreal put his
finger in M.C.'s anus and proceeded to "pull it up and down." See id. § 6.03(a), (b); see
also Dues, 634 S.W.2d at 305; Murray, 24 S.W.3d at 886; Sendejo, 26 S.W.3d at 678;
Skillern, 890 S.W.2d at 880; In re H.R.A., 790 S.W.2d 102, 106 (Tex. App.-Beaumont
1990, no writ.) (concluding that the victim's testimony proved that appellant "knowingly"
committed the act of oral sex upon the victim). Moreover, the jury could have concluded
that Villarreal's intent was to arouse or gratify his sexual desire based on: (1) Villarreal's
conduct of grabbing and rubbing M.C.'s penis when the two were alone; and (2) his
remarks to M.C. that Villarreal would kill M.C.'s mother and brother if M.C. told anyone
what happened. See Tex. Penal Code Ann. § 21.11(c)(1); Breckenridge v. State, 40
S.W.3d 118, 128 (Tex. App.-San Antonio 2000, pet. ref'd) (providing that the requisite
specific intent to arouse or gratify someone's sexual desire can be inferred from the
defendant's conduct, remarks, and all the surrounding circumstances); Sendejo, 26 S.W.3d
at 678. Therefore, viewing the evidence in the light most favorable to the verdict, we
conclude that a rational trier of fact could have found beyond a reasonable doubt that
Villarreal intentionally or knowingly caused the penetration of M.C.'s anus and that it was
Villarreal's intent to arouse or gratify his sexual desire. See Hooper, 214 S.W.3d at 13;
Escamilla, 143 S.W.3d at 817. (2) 

 Villarreal's first issue is overruled.

2. Factual Sufficiency

 By his second issue, Villarreal contends that the evidence is factually insufficient to
sustain his conviction. Specifically, Villarreal asserts that the evidence is insufficient
because there was no medical or physical evidence of the victim's injuries and because
M.C. created reasonable doubt by giving conflicting testimony about the incident.

 Villarreal does not provide a clear and concise argument for his contention or cite
to authority, and we find none, requiring the State to provide evidence that a victim of
aggravated sexual assault or indecency with a child was injured. See Tex. Penal Code
Ann. §§ 22.021(a)(1)(B)(i), (2)(B), 21.11(a)(1). Moreover, testimony by the victim of an
aggravated sexual assault is sufficient to establish guilt, even where no physical evidence
of trauma or injury exists. See Tex. Code Crim. Proc. Ann. § 38.07 (Vernon 2005); Abbott
v. State, 196 S.W.3d 334, 341 (Tex. App.-Waco 2006, pet ref'd); Tear v. State, 74 S.W.3d
555, 560 (Tex. App.-Dallas 2002, pet. ref'd) (concluding that the evidence was sufficient
to support conviction for aggravated sexual assault based on the child victim's testimony
alone); Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.-Houston [14th Dist.] 2002, pet.
ref'd); see also Lopez v. State, 815 S.W.2d 846, 848-49 (Tex. App.-Corpus Christi 1991,
no pet.) (finding the testimony of a child victim, whose physical examination was "normal,"
was sufficient evidence of penetration); Hill v. State, 3 S.W.3d 249, 254 (Tex. App.-Waco
1999, pet. ref'd) (concluding that the evidence was sufficient to sustain the conviction for
indecency with a child after noting that the medical evidence was inclusive).

 Next, Villarreal asserts that reasonable doubt was created when M.C. gave
conflicting testimony about the incident; however, he provides no record cites pointing to
the complained-of testimony. After reviewing the record, we do not find any conflicts in
M.C.'s testimony regarding the elements of aggravated sexual assault or indecency with
a child. Moreover, we must give the fact finder's determinations concerning the weight and
credibility of the evidence due deference, and reversal of those determinations is only
appropriate to prevent the occurrence of a manifest injustice. Martinez v. State, 129
S.W.3d 101, 106 (Tex. Crim. App. 2004) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000)). As the trier of fact, the jury was free to believe or disbelieve M.C.'s
testimony and to reconcile conflicts, if any, in the testimony. See Bottenfield v. State, 77
S.W.3d 349, 355 (Tex. App.-Fort Worth 2002, pet. ref'd). By returning guilty verdicts, the
jury necessarily resolved any conflicts in favor of the State and found M.C.'s testimony
credible.

 Therefore, after viewing the evidence in a neutral light, we conclude that the
evidence is not so weak that the jury's verdict seems clearly wrong and manifestly unjust
or that the jury's verdict is against the great weight and preponderance of the evidence. 
See Watson, 204 S.W.3d at 414-15. We conclude that the evidence was factually
sufficient to sustain Villarreal's convictions, and we overrule Villarreal's second issue.

III. Use of Anatomically Correct Doll

 By his third issue, Villarreal contends that the State's use of an anatomically correct
doll created substantial prejudice that outweighed its probative value. See Tex. R. Evid.
403. Villarreal raises this complaint for the first time on appeal. See Tex. R. App. P.
33.1(a); Jaynes v. State, 216 S.W.3d 839, 850 (Tex. App.-Corpus Christi 2006, no pet.). 
Because this complaint was not made to the trial court by a timely request, objection, or
motion, this issue has not been preserved for our review. See Tex. R. App. P. 33.1(a);
Jaynes, 216 S.W.3d at 850 (concluding that appellant did not properly preserve error
because he did not renew the rule 403 objection at trial that he made in his pre-trial motion
in limine). We overrule Villarreal's third issue.

IV. Jury Argument

 By his fourth issue, Villarreal contends that the State's reference to his demeanor
during its closing arguments was an impermissible or improper argument constituting
reversible error.

 Villarreal first complains of the following argument made by the State: "I don't know
whether you were watching him--never made eye contact that I could see with the child
while he was testifying. Those things are important." Villarreal did not object to the State's
argument, and therefore failed to preserve error. See Mathis v. State, 67 S.W.3d 918, 927
(Tex. Crim. App. 2002) (concluding that appellant forfeited right to complain on appeal
concerning the State's improper jury argument by failing to object at trial); Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc) ("Before a defendant will be permitted
to complain on appeal about an erroneous jury argument or that an instruction to disregard
could not have cured an erroneous jury argument, he will have to show he objected and
pursued his objection to an adverse ruling.").

 Villarreal also complains of the State's argument that Villarreal's "demeanor is
important and his lack of looking at you and his lack of contact with that child are evidence
of his guilt, ladies and gentlemen, just as if he had testified." Villarreal objected to this
argument on the basis that it was "argumentative." This trial objection does not comport
with Villarreal's appellate claim that the prosecution's argument violated his State and
federal constitutional right against self-incrimination. Villarreal, therefore, has not preserved
his complaint. See Tex. R. App. P. 33.1; Coffey v. State, 796 S.W.2d 175, 179 (Tex. Crim.
App. 1990) (en banc) (providing that an objection to a jury argument raised on appeal will
not be considered if it varies from the objection made at trial).

 We overrule Villarreal's fourth issue.

V. Conclusion

 We affirm the trial court's judgment.


 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 26th day of February, 2009.
1. M.C. testified that his "butt" was where he went "poop."
2. In his second issue, Villarreal appears to contend that the evidence is insufficient because he "may
have been on drugs" at the time of the incident. However, Villarreal has not provided a clear and concise
argument for this issue with appropriate citation to authorities. This issue is therefore inadequately briefed. 
See Tex. R. App. P. 38.1(i). Moreover, we note that Villarreal cites to a portion of the record wherein Roland
Arzola, Villarreal's brother, testified that Villarreal had been incarcerated for delivering inhalants to Arzola when
Arzola was a minor. However, Arzola did not testify that Villarreal used drugs or may have been under the
influence of drugs at the time Villarreal committed the offenses in this case. Therefore, this contention is
without merit.